Glover v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-241-CR

        LYNN REX GLOVER,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 77th District Court
Limestone County, Texas
Trial Court # 8202-A
                                                                                                    

O P I N I O N
                                                                                                    

          The appellant, Lynn Rex Glover, was indicted on one count of attempted murder and,
pursuant to a plea bargain, pled guilty to the lesser-included offense of aggravated assault, a third-degree felony. Act of June 14, 1973, 63rd Leg., R.S., ch. 399, § 22.02, 1973 Tex. Gen. Laws
883, 919 (codified as amended at Tex. Penal Code Ann. § 22.02(a)(1) (Vernon 1994)).


 
Punishment was assessed by a jury at one year in a community correctional facility and a $10,000
fine.


 Glover raises three points on appeal: (1) the trial court erred in overruling his objection to
the State's questioning of him about his release on parole from his incarceration for two prior
offenses; (2) the trial court erred in overruling his objection to the State's reference to a non-existent motion for continuance during the State's closing argument; and (3) the trial court erred
in sentencing him to incarceration in the county jail when the jury had assessed punishment at one
year in a community correctional facility. We affirm.
          On or about August 21, 1993, Glover and a companion, Jonathan McRae, consumed an
excessive amount of alcohol and then drove around "the Beat," an area of Mexia known for its
high concentration of drug dealers. An attempted drug deal went bad, and Glover and McRae
ended up shooting at two other men in a car. One of the two victims was hit, although Glover
argued that it was McRae who shot the victim. Glover's defense was that he only shot at the
victims' tires. McRae died before trial in an automobile accident.
          In his first point of error, Glover complains that the trial court erred in overruling his
objection to the State's questioning of him about his release on parole for two prior convictions. 
The record reveals that the State, after examining its final witness, introduced into evidence
Glover's penitentiary packet. The packet indicated that in December 1977 Glover began to serve
an eight-year sentence for the unlawful possession of methamphetamines and a five-year sentence
for robbery. The defense called Glover as its first witness. On cross-examination, the State asked
Glover the following questions about when he was released on parole for the two convictions:
[STATE]: You say you have not been in trouble since you went to the penitentiary
in '77.
 
[Glover]: I said I got a DWI in 1980, yes, sir.
 
[STATE]: Okay. You went in '77; is that right?
 
[Glover]: Yes, sir.
 
[STATE]: On eight years and five years. When did you get out?
 
[Glover]: In '79.
 
[STATE]: Okay. So you spent two years down there on an eight year sentence and a five
year sentence.
 
[Glover]: Yes, sir.
 
[STATE]: All right.
 
[DEFENSE]: Your Honor, I'm going to object . . . to this. I think it's mislead the jury. 
I'm going to ask . . . the jury be instructed to disregard that question. It's an improper
question. It's a question trying to get the jury's attention on the parole law and it's
improper. It's mislead them about everything. I think it was totally improper.

          THE COURT: The objection is overruled.

          An objection should be made as soon as the ground for objection becomes apparent. 
Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim. App.), cert. denied, — U.S. —, 116 S.Ct.
106 (1995); Johnson v. State, 803 S.W.2d 272, 291 (Tex. Crim. App. 1990), cert. denied, 501
U.S. 1259, 111 S.Ct. 2914, overruled on other grounds, Heitman v. State, 815 S.W.2d 681 (Tex.
Crim. App. 1991). If the complaining party fails to object until after an objectionable question
has been asked and answered, and he can show no legitimate reason to justify the delay, his
objection is untimely and error is waived. Tex. R. App. P. 52(a); Dinkins, 894 S.W.2d at 355.
          Here, the State's question whether Glover spent two years in jail on an "eight year sentence
and a five year sentence" clearly referenced the law on parole. The defense, however, waited until
Glover answered before making its objection to the trial court. On appeal, Glover offers no
explanation for his counsel's failure to object before he answered. Therefore, the objection was
untimely, and the complaint was not preserved for review. Dinkins, 894 S.W.2d at 355. We
overrule Glover's first point.
          In his second point of error, Glover argues the trial court erred in overruling his objection
to the State's reference to a non-existent motion for continuance during the State's closing
argument. He contends the State improperly referred to facts outside the record and was
attempting to strike at him over the shoulders of his counsel. The contested portion of the State's
closing argument is printed below:
[STATE]: I'm here to bring this man to justice. And it's taken a long time because his
lawyer has asked for continuances and put it off.
 
[DEFENSE]: Your Honor, I object to that. I object to that. I have not asked for any
continuances.
 
[STATE]: Your Honor, last month it was set and he asked to be put off another month.
 
[DEFENSE]: Is there a motion?
 
THE COURT: It's an answer to argument, counsel, and I don't have time to -- well, I can
check the file.
 
[DEFENSE]: I'd like -- I'd like a ruling on my objection. There's no motions for
continuance in that file that I know of.
 
THE COURT: The objection is overruled.

There is no evidence in the record that the defense ever tried to delay Glover's trial date.
          There are four permissible areas of jury argument: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answers to arguments from the defense; and (4) pleas
for law enforcement. Willis v. State, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989), cert. denied,
498 U.S. 908, 111 S.Ct. 279 (1990). The State contends that its argument was proper because
it was responding to the defense's closing argument that the State had allowed Glover to remain
free on bond for almost two years before bringing him to trial and, therefore, could not have
considered him a menace to society. While we agree with the State that it was free to respond to
the defense's argument, the State was not permitted to bring before the jury facts that were not in
the record. Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). Therefore, we conclude
that the trial court erred in overruling Glover's objection.
          We will now turn to the question of whether the error was harmless. Orona v. State, 791
S.W.2d 125, 129-30 (Tex. Crim. App. 1990) (improper jury argument may constitute harmless
error). In criminal cases, if the appellate court determines beyond a reasonable doubt that the trial
court's error made no contribution to the conviction or punishment of the defendant, then the error
is harmless and the judgment may be affirmed. Tex. R. App. P. 81(b)(2). Factors to be
considered in performing a harmless error analysis are: (1) the source of the error; (2) the nature
of the error; (3) whether or to what extent it was emphasized by the State; (4) its probable
collateral implications; (5) how much weight a juror would probably place upon the error; and
(6) whether declaring the error harmless would encourage the State to repeat it with impunity. 
Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).
          We conclude that the error was harmless. The record reveals that the defense's theory in
its closing argument was that Glover deserved a lenient sentence because he was generally a good
citizen, a reliable father, a productive worker, not the main triggerman in the crime, that the State
wanted to punish Glover again for his prior bad acts, and that the State was trying to punish
McRae by going after Glover. The defense cited a litany of facts adduced at trial in support of its
argument. One of the facts the defense cited in support of its argument that Glover was a good
citizen was that the State must have believed Glover to be a safe citizen because it let him remain
free on bond for two years before bringing him to trial. The State responded to this argument by
asserting a fact-not-in-evidence, that one of the reasons for the two-year lapse between the
indictment and trial was because the defense had asked for continuances.
          The State's comment was a quick and solitary response to a minor argument offered by the
defense that Glover did not present a danger to society because the State, itself, did not think that
he was dangerous. See Orona, 791 S.W.2d at 130 (passing as opposed to emphasized or repeated
improper comment tends toward a finding of harmlessness). Even though the trial court overruled
Glover's objection, which effectively led the jury to believe that the comment was proper and
therefore probably true, Good v. State, 723 S.W.2d 734, 738 (Tex. Crim. App. 1986), the State
did not repeat the comment, which limited its detrimental effect. See Orona, 791 S.W.2d at 130. 
The fact that Glover was not harmed by the comment is further evidenced by the jury's assessment
of punishment at the lower end of the punishment range. Fernandez v. State, 830 S.W.2d 693,
696 (Tex. App.—Houston [1st Dist.] 1992, no pet.); Hugill v. State, 787 S.W.2d 455, 458 (Tex.
App.—Houston [14th Dist.] 1990, pet. ref'd). The jury assessed punishment at a $10,000 fine and
one year in a community correctional facility. Glover could have been sentenced to the fine plus
ten years in the penitentiary. In conclusion, we determine that the trial court's error was harmless
beyond a reasonable doubt. Glover's second point of error is overruled.
          In his third point of error, Glover complains the trial court erred in sentencing him to an
unauthorized punishment. As indicated above, the jury assessed punishment at a $10,000 fine and
one year in a community correctional facility. Glover alleges that the trial court, in its judgment,
improperly ordered that Glover be held in the Limestone County Jail until he could be transported
to a community correctional facility. He asserts that any incarceration in the Limestone County
Jail would be contrary to the jury's determination on punishment.
          The following is the relevant portion of the trial court's judgment:
It is the Order of this Court that the said defendant, Lynn Rex Glover, who has been
adjudged guilty of the offense of AGGRAVATED ASSAULT, be, and is hereby sentenced
to confinement in a COMMUNITY CORRECTION FACILITY FOR ONE (1) YEAR
AND TO PAY A FINE OF $10,000.00; and that said defendant be taken by the Sheriff
of Limestone County, Texas, and by him safely conveyed and delivered to a Community
Correction Facility there to be confined in the manner and for the period aforesaid.

The judgment reveals that the trial court did not sentence Glover to any period of incarceration
in the Limestone County Jail. The court simply ordered the county sheriff to deliver Glover to
a community correctional facility, which is in accordance with the jury's assessment of
punishment. In the event that the sheriff fails to carry out the trial court's directive to deliver him
to a community correctional facility, Glover may have a complaint against unlawful incarceration,
but that issue is not ripe for our determination. Glover's third point is without merit, and it is
overruled.
          The judgment is affirmed.
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Justice Cummings and
         Justice Vance
Affirmed
Opinion delivered and filed August 30, 1996
Do not publish