Floyd Edward Hendrix v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-399-CR

     FLOYD EDWARD HENDRIX,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 213th District Court
Tarrant County, Texas
Trial Court # 0643714D
                                                                                                                
 
O P I N I O N
                                                                                                                
   
      Appellant appeals his felony conviction for driving while intoxicated, enhanced by two prior
felony convictions, for which he was sentenced to 30 years in the Texas Department of Criminal
Justice—Institutional Division.
      Deputy Smith of the Tarrant County Sheriff's Department was leaving the jail late on New
Year’s Eve in 1997. He headed west on Belknap Street. He observed the headlights of a pickup
truck headed the wrong way on Belknap. Belknap is a one-way street. Deputy Smith stopped the
pickup truck and identified the driver, Appellant, who smelled strongly of alcohol and appeared
intoxicated. After Appellant failed three field-sobriety tests, Deputy Smith arrested him and took
him to the jail where Appellant refused to take a breath test. Appellant was indicted for felony
DWI (his third driving while intoxicated offense), enhanced by two prior felony convictions.
      A jury found Appellant guilty; found the two prior enhancement counts to be "true"; and
sentenced him to 30 years in prison.
      Appellant appeals on three points of error:
      Point 1: "The trial court erred by not declaring a mistrial when the State injected new and
harmful facts outside the record in the punishment argument."
      During argument in the punishment phase, the prosecutor argued to the jury:
You know [defense counsel] says, well, no one got killed. No one got killed. Are you
going to be the people who put him back out to see to it that somebody is? Are you
going to take a chance that on the seventh or eighth--what do we got? One, two, three,
four, five six--seven that we know of. Are you going to be the ones who say, I gave him
an eighth chance to kill?

      Appellant did not object to the foregoing argument and complains about it for the first time
on appeal.
      A defendant may not complain on appeal that a jury argument was improper, or that an
instruction to disregard could not have cured improper jury argument, unless he shows that he
objected and pursued his objection to an adverse ruling. Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996).
      Point 1 is overruled.
      Point 2: "The trial court erred by admitting, in the guilt/innocence phase, judgments and
sentences and related court documents pertaining to prior DWI convictions which contained
information prejudicial to a fair trial because the effect was to invite the jury to consider
Appellant's moral propensity to commit bad acts."
      Just before the State rested in the guilt/innocence phase, the prosecutor offered State's Exhibit
1 which was a written stipulation of evidence between the parties. Attached to the stipulation were
Exhibits 1A and 1B which consisted of various court documents related to Appellant's previous
convictions and which were offered to satisfy jurisdictional requirements for felony DWI. When
the documents were offered, counsel for Appellant stated to the court, "Of course, we have no
objections. It's a stipulation we have entered into."
      In order to preserve error, a party is required to raise an objection, motion, or a request that
apprizes the trial judge of the relief sought and afford the judge an opportunity to effect a remedy. 
Tex. R. App. P. 33.1(a); Lankston v. State, 827 S.W.2d 907,909 (Tex. Crim. App. 1992). By
failing to object, Appellant has forfeited his right to complain on appeal. Id.
      Point 2 is overruled.
      Point 3: "The punishment assessed was in violation of the Eighth Amendment proscription
against cruel and unusual punishment because it was disproportionate to the offense for which
Appellant was convicted."
      A penalty that is imposed within the range prescribed by the Legislature will not be disturbed
on appeal. Nunez v. State, 565 S.W.2d 536, 538 (Tex. Crim. App. 1978). Our courts have
repeatedly found that punishments falling within the limits proscribed by statute are not excessive,
cruel, or unusual. Davis v. State, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd);
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983; Jordan v. State, 495 S.W.2d 949,
952 (Tex. Crim. App. 1973); Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972).
      The range of punishment for felony DWI (enhanced by two prior felony convictions) is not
less than 25 years or more than 99 years or life.
      Appellant's punishment of 30 years, was within the statutory range and under the authorities
cited was not cruel and unusual.
      Point 3 is overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Cumings and
      Chief Justice McDonald (Retired)
      (Justice Cummings not participating)
Affirmed
Opinion delivered and filed January 13, 1999
Do not publish



yle="text-align: justify; margin-left: 0.5in">[DEFENSE]: Your Honor, I object to that. I object to that. I have not asked for any
continuances.
 
[STATE]: Your Honor, last month it was set and he asked to be put off another month.
 
[DEFENSE]: Is there a motion?
 
THE COURT: It's an answer to argument, counsel, and I don't have time to -- well, I can
check the file.
 
[DEFENSE]: I'd like -- I'd like a ruling on my objection. There's no motions for
continuance in that file that I know of.
 
THE COURT: The objection is overruled.

There is no evidence in the record that the defense ever tried to delay Glover's trial date.
          There are four permissible areas of jury argument: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) answers to arguments from the defense; and (4) pleas
for law enforcement. Willis v. State, 785 S.W.2d 378, 384 (Tex. Crim. App. 1989), cert. denied,
498 U.S. 908, 111 S.Ct. 279 (1990). The State contends that its argument was proper because
it was responding to the defense's closing argument that the State had allowed Glover to remain
free on bond for almost two years before bringing him to trial and, therefore, could not have
considered him a menace to society. While we agree with the State that it was free to respond to
the defense's argument, the State was not permitted to bring before the jury facts that were not in
the record. Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990). Therefore, we conclude
that the trial court erred in overruling Glover's objection.
          We will now turn to the question of whether the error was harmless. Orona v. State, 791
S.W.2d 125, 129-30 (Tex. Crim. App. 1990) (improper jury argument may constitute harmless
error). In criminal cases, if the appellate court determines beyond a reasonable doubt that the trial
court's error made no contribution to the conviction or punishment of the defendant, then the error
is harmless and the judgment may be affirmed. Tex. R. App. P. 81(b)(2). Factors to be
considered in performing a harmless error analysis are: (1) the source of the error; (2) the nature
of the error; (3) whether or to what extent it was emphasized by the State; (4) its probable
collateral implications; (5) how much weight a juror would probably place upon the error; and
(6) whether declaring the error harmless would encourage the State to repeat it with impunity. 
Harris v. State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).
          We conclude that the error was harmless. The record reveals that the defense's theory in
its closing argument was that Glover deserved a lenient sentence because he was generally a good
citizen, a reliable father, a productive worker, not the main triggerman in the crime, that the State
wanted to punish Glover again for his prior bad acts, and that the State was trying to punish
McRae by going after Glover. The defense cited a litany of facts adduced at trial in support of its
argument. One of the facts the defense cited in support of its argument that Glover was a good
citizen was that the State must have believed Glover to be a safe citizen because it let him remain
free on bond for two years before bringing him to trial. The State responded to this argument by
asserting a fact-not-in-evidence, that one of the reasons for the two-year lapse between the
indictment and trial was because the defense had asked for continuances.
          The State's comment was a quick and solitary response to a minor argument offered by the
defense that Glover did not present a danger to society because the State, itself, did not think that
he was dangerous. See Orona, 791 S.W.2d at 130 (passing as opposed to emphasized or repeated
improper comment tends toward a finding of harmlessness). Even though the trial court overruled
Glover's objection, which effectively led the jury to believe that the comment was proper and
therefore probably true, Good v. State, 723 S.W.2d 734, 738 (Tex. Crim. App. 1986), the State
did not repeat the comment, which limited its detrimental effect. See Orona, 791 S.W.2d at 130. 
The fact that Glover was not harmed by the comment is further evidenced by the jury's assessment
of punishment at the lower end of the punishment range. Fernandez v. State, 830 S.W.2d 693,
696 (Tex. App.—Houston [1st Dist.] 1992, no pet.); Hugill v. State, 787 S.W.2d 455, 458 (Tex.
App.—Houston [14th Dist.] 1990, pet. ref'd). The jury assessed punishment at a $10,000 fine and
one year in a community correctional facility. Glover could have been sentenced to the fine plus
ten years in the penitentiary. In conclusion, we determine that the trial court's error was harmless
beyond a reasonable doubt. Glover's second point of error is overruled.
          In his third point of error, Glover complains the trial court erred in sentencing him to an
unauthorized punishment. As indicated above, the jury assessed punishment at a $10,000 fine and
one year in a community correctional facility. Glover alleges that the trial court, in its judgment,
improperly ordered that Glover be held in the Limestone County Jail until he could be transported
to a community correctional facility. He asserts that any incarceration in the Limestone County
Jail would be contrary to the jury's determination on punishment.
          The following is the relevant portion of the trial court's judgment:
It is the Order of this Court that the said defendant, Lynn Rex Glover, who has been
adjudged guilty of the offense of AGGRAVATED ASSAULT, be, and is hereby sentenced
to confinement in a COMMUNITY CORRECTION FACILITY FOR ONE (1) YEAR
AND TO PAY A FINE OF $10,000.00; and that said defendant be taken by the Sheriff
of Limestone County, Texas, and by him safely conveyed and delivered to a Community
Correction Facility there to be confined in the manner and for the period aforesaid.

The judgment reveals that the trial court did not sentence Glover to any period of incarceration
in the Limestone County Jail. The court simply ordered the county sheriff to deliver Glover to
a community correctional facility, which is in accordance with the jury's assessment of
punishment. In the event that the sheriff fails to carry out the trial court's directive to deliver him
to a community correctional facility, Glover may have a complaint against unlawful incarceration,
but that issue is not ripe for our determination. Glover's third point is without merit, and it is
overruled.
          The judgment is affirmed.
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice
Before Justice Cummings and
         Justice Vance
Affirmed
Opinion delivered and filed August 30, 1996
Do not publish