Emilio Patrick FERNANDEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–01105–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 30, 1992.

John F. Carrigan, Houston, for appellant.

John B. Holmes, Cathy Herasimchuk, Houston, for appellee.

Before COHEN, BASS and DUNN, JJ.

## OPINION ON REMAND FROM THE TEXAS COURT OF CRIMINAL APPEALS

COHEN, Justice.

On original submission, this Court reversed appellant's conviction and ordered an acquittal. *Fernandez v. State,* 755 S.W.2d 220 (Tex.App.—Houston [1st Dist.] 1988). The Texas Court of Criminal Appeals granted the State's petition for discretionary review, held the evidence was sufficient, reversed our judgment, and remanded the cause for us to rule on appellant's remaining points of error. *Fernandez v. State,* 805 S.W.2d 451, 456–57 (Tex. Crim.App.1991).

Appellant was convicted in a nonjury trial of theft by receiving. TEX.PENAL CODE § 31.03(a), (b)(2) (Vernon 1989). The trial judge found two enhancement allegations to be true and assessed punishment at imprisonment for 35 years.

The paragraph of the indictment of which appellant was found guilty alleged that he:

> On or about November 25, 1986, did then and there unlawfully appropriate by acquiring and otherwise exercising control over stolen property, namely, a truck, of the value of over $750.00 and under $20,-000.00 owned by Kevin Domain with the intent to deprive the owner of the property and knowing the property was stolen by another person whose name is unknown.

■ In points of error 15 and 16, appellant contends he has been deprived of an adequate record because the record at pages 10 to 13 of volume three is obviously inaccurate because it shows the State objecting to its own questioning.

We overrule these points for two reasons. The record shows that the State questioned the complainant, Mr. Domain, from pages four to nine of the record. Appellant then cross-examined Domain at pages 9 to 10. Appellant then stated he had no other questions. The State commenced redirect examination at page 10. Without showing the witness being passed for questioning to the defense, the record at page 13 shows the prosecutor, Mrs. Davidson, objecting when Domain was asked if there was a lawnmower in the garage. The defense attorney, Mr. Valasco, responded to the State's objection. The court overruled the objection and directed questioning to continue, whereupon it was resumed by the defense attorney, Mr. Valasco. Mr. Valasco then concluded his questioning, stating that he had no other questions. The State then rested. It is obvious that the State was not objecting to its own question, but to recross-examination by Mr. Valasco. The change in questioners apparently occurred at page 12, line five. Until that time, the statement of facts shows questioning by the prosecutor, Mrs. Davidson, and the questions and answers favor the State. The last question before page 12, line five impeaches the testimony of appellant's wife, his main de-

fense witness, by pointing out that she never mentioned to investigators the name Louis (the true guilty party, according to her testimony). In the next question, Domain is suddenly asked if he had any occasion to talk to "the district attorney" about the case. And when asked if she told him what to say, Domain answers that question, and several to follow, by saying "yes, sir" and "no, sir". This shows the witness was obviously speaking to a male, and the only male attorney in this case was Mr. Valasco, the defense attorney. Nothing shows the record contains an inaccurate account of the testimony. At most, the court reporter simply failed to note that the State passed the witness at page 12, line five.

Moreover, the only question about which there is any possible confusion is the prosecutor's objection when the complainant was asked if there was a lawnmower in his garage. This question and the objection to it are utterly insignificant to any possible result at trial or on appeal in this case.

We conclude that the record is complete and that it accurately reflects the identity of the questioning party and of the objecting party.

Points of error 15 and 16 are overruled.

■ In points of error 12 thru 14, appellant contends that he was deprived of the right to compulsory process of witnesses, under article I, section 10 of the Texas Constitution and the sixth and fourteenth amendments of the United States Constitution because the trial court warned appellant's wife that she had a right to refuse to testify in order to avoid self-incrimination.

Appellant's wife testified at trial that all of her statements to Officer Jaloma accusing appellant were false, that she made them knowingly because she was mad at appellant, that she had falsely sworn to criminal accusations against appellant before when she was mad at him, and that appellant was not guilty of this offense. The prosecutor then asked the trial judge to warn Mrs. Fernandez that she had a right not to testify, in order to avoid prosecution for perjury for having falsely sworn to criminal charges. The trial judge

warned Mrs. Fernandez. She stated she understood, and the trial judge told defense counsel to continue questioning. Counsel stated that he had no further questions and passed the witness, whereupon Mrs. Fernandez continued to testify voluntarily upon cross-examination.

We overrule these points of error for several reasons. First, appellant did not object, as required by TEX.R.APP.P. 52(a). Second, Mrs. Fernandez never refused to testify and never claimed the privilege against self-incrimination. Rather, she continued to testify voluntarily upon questioning by the State. Appellant has not shown that there was any other testimony he desired that he was prevented from obtaining by the court's action.

Points of error 12 through 14 are overruled.

■ In points of error 10 and 11, appellant complains that the trial court erred by compelling appellant to give evidence against himself in violation of his right against self-incrimination. During the punishment stage, the judge arraigned appellant on the enhancement paragraphs and asked him if it was true or not true that he had been previously convicted as alleged. Appellant stated he did not know, and his answer evidenced confusion. The court proceeded to explain the allegations, again asking if they were true or not true, whereupon appellant said they were true.

This point has no merit. Appellant was accompanied by counsel who made no objection. He does not contend that the charges were not true, that he desired to plead not true, or that the State could not have proved the charge was true without his admission. Punishment was assessed by the court, without a jury, upon review of a presentence investigation report. That report contained a detailed history of appellant's prior convictions, including the ones to which he pled true. Nothing suggests that any testimony was compelled, or that appellant's choice to answer the questions personally, instead of through counsel, was anything other than a reasonable trial strategy to concede what the State

was obviously able to prove and thus, hopefully hold the punishment to the low end of the punishment range. In fact, the trial court assessed punishment at 35 years, near the low end of the punishment range of 25 years to life. Consequently, we hold that there was no error and no harm.

Points of error 10 and 11 are overruled.

All the remaining points of error complain of ineffective assistance of counsel, in violation of the Texas and. the United States Constitutions.

■ In points of error four and eight, appellant contends trial counsel, Manuel Valasco, was ineffective because he failed to object to the State's proof of value of the stolen property.

The sole proof of value was one question to Mr. Domain. He was asked, "At the time that your truck was in the garage [November 25, 1986], what was the value of that truck?" He answered $9,000.

The standard for an owner's testimony concerning the value of stolen property was relaxed in *Sullivan v. State*, 701 S.W.2d 905, 909 (Tex.Crim.App.1986). This evidence is within that standard.

Points of error four and eight are overruled.

■ In points of error five and nine, appellant complains that counsel was ineffective because he did not cross-examine the complainant about his testimony the truck was worth $9,000.

The failure to cross-examine was harmless. Mr. Domain testified his truck was a 1983 Chevrolet that was 3 years old when stolen on November 19, 1986. Appellant presented no evidence of the truck's value. Under any measure of value, a 3–year–old truck would have been worth more than $750 in Harris County in 1986. That was the only burden the State had to prove. Cross-examination could have helped appellant only if there was a reasonable probability it could have created a reasonable doubt that the truck was worth $750. Nothing suggests that any cross-examiner could have achieved that result. A decision to not cross-examine on value under these circumstances is trial strategy, and in this case, it seems well-founded. Appellant has failed to show that his counsel's performance was outside the range of reasonable competence.

We overrule points of error five and nine.

■ In points of error three and seven, appellant contends trial counsel was ineffective in calling appellant's wife as a witness. In points of error two and six, appellant contends trial counsel was ineffective for failing to object to hearsay. We sustain these points of error. In order to understand this point, both the procedural posture of the trial and a detailed fact statement is necessary. This was a nonjury trial that began on a Friday, recessed, and resumed and concluded on Monday, November 9, 1987.

The State's first witness was Officer Jaloma. Officer Jaloma testified that on November 25, 1986, Mrs. Fernandez told him appellant had been working on a truck in her garage. She took him to her home, signed a consent to search form, and showed Jaloma the stripped truck. Parts were all around the garage. Jaloma investigated and learned the truck had been reported stolen November 19, 1986. Jaloma testified that Mrs. Fernandez told him appellant had been working constantly on the truck in the afternoons, and that she and appellant were living in the home at that time. All these statements by Mrs. Fernandez to Jaloma came into evidence without defense objection.

When Jaloma finished testifying on Friday, the prosecutor said she had no other witnesses present, that she would call the complainant and another unnamed witness later, on Monday. The State did not rest or close its case. The court immediately asked appellant if he wanted to present testimony or wait. Trial counsel responded by calling Mrs. Fernandez. Thus, Mrs. Fernandez's testimony came in during the State's case.

Mrs. Fernandez testified she had been married to appellant for three years, and on November 25, 1986, she lived in the home, but appellant did not. They were

separated, but appellant visited regularly. She was renting a room to a man named Louis, who was the only other adult in the house. She did not know his last name. She testified she was angry at appellant because she heard he had fought over another woman. That is why she contacted Jaloma and falsely accused appellant. She testified that she lied to Jaloma about appellant stealing the truck, putting it in her garage, and working on it nightly. She testified she did not know who put the truck in the garage. She gave a written statement to that effect to the district attorney's office, which was introduced into evidence and declared appellant's innocence. She stated she had at least twice before filed false criminal complaints when she was angry at appellant, as she did on this occasion.

On cross-examination, Mrs. Fernandez admitted she did not know Louis' last name or where he worked. She said she met Louis through his sister, but she could not remember his sister's name. She said Louis brought the truck to the house and worked on it. She could not remember what other complaints she filed against appellant or when she filed them. She testified Jaloma had lied in his testimony concerning the things she had told him.

Kevin Domain, the complainant, testified he identified his truck in Mrs. Fernandez's garage on November 25, 1986. He testified Mrs. Fernandez said then that appellant would come in the afternoons and work on the truck until late at night. Appellant made no hearsay objections.

The State rested, and appellant called Mrs. Fernandez, who testified that she did not speak with Domain when he came to identify his truck. Appellant recalled Officer Jaloma. He testified that Domain spoke to Mrs. Fernandez when he identified the truck; that, in his opinion, Mrs. Fernandez had told him the truth; and that Mrs. Fernandez never mentioned the name Louis to him, never indicated she was separated, and never stated appellant was not living at the house. Appellant made no hearsay objections.

Jaloma's testimony, both as the State's first witness and when called by appellant, was full of incriminating hearsay. It proved one damaging fact after another that was not proved by any other evidence. This included testimony that appellant had been working on the truck in Mrs. Fernandez's garage constantly, and that appellant lived in the house. This testimony by Jaloma was inadmissible hearsay. TEX.R.CRIM. EVID. 801(d), 802. Domain's testimony about Mrs. Fernandez's statements was harmful hearsay for the same reason.

Regarding points of error three and seven, trial counsel made a serious mistake by calling appellant's wife as a witness. The State obviously did not intend to do so. At the end of its evidence on Friday, November 6, the State declared that it had no other witnesses present, whereupon appellant called Mrs. Fernandez to testify. Obviously, the State did not consider Mrs. Fernandez to be its witness. This is not surprising in view of Texas Rule of Criminal Evidence 504(2)(a), which provides that the defendant's spouse has the privilege not to testify for the State. Even if counsel had preserved error by objecting to the hearsay from Jaloma and Domain, he would have waived it by calling Mrs. Fernandez. This is so because once she testified, her prior inconsistent statements accusing appellant were admissible, at least for the limited purpose of impeachment. Tex.R.Crim.Evid. 612(a). When they came in without objection, as they did here, they were admissible for all purposes. Appellant's decision to present her testimony thus gave the State evidence it needed to link him to the truck. No other evidence did so.

We must next decide whether any reasonable trial strategy could explain counsel's failure to object to the hearsay testimony and to have Mrs. Fernandez testify. If appellant had objected to Jaloma's and Domain's hearsay, the judge would have either sustained the objection, thus leaving the State with insufficient evidence to convict, or overruled it, thus committing reversible error requiring a new trial. (This assumes that effective counsel would not have cured so harmful an error by present-

ing the same testimony from Mrs. Fernandez). There would have been no disadvantage to appellant in keeping the hearsay testimony out of the State's case. Nor would any strategy justify letting Jaloma's and Domain's evidence come in without objection. Even if appellant planned to have his wife testify after the State rested (assuming the motion for directed verdict was overruled), there was no reason to let her testify before the State rested because that forfeited both the valuable opportunity for an instructed verdict from the trial judge at the end of the State's case and also the opportunity, if the motion was overruled, to rest behind the State and win on appeal on the basis of insufficient evidence. By failing to object to Jaloma's and Domain's hearsay, appellant's counsel made insufficient evidence sufficient. By presenting Mrs. Fernandez's testimony, counsel cured the unpreserved error in admitting the hearsay. This is not an isolated failure to object. It is a total failure to object, as well as lending valuable assistance to a prosecution that was based mainly upon inadmissible evidence. Counsel's performance falls below the standard set out in *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068–69, 80 L.Ed.2d 674 (1984).

Points of error two, three, six, and seven are sustained. The judgment is reversed, and the cause is remanded.