No. 04-98-01082-CR



Richard RUIZ,


Appellant



v.



The STATE of Texas,


Appellee



From the 187th Judicial District Court, Bexar County, Texas


Trial Court No. 98-CR-2437


Honorable James E. Barlow, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: April 4, 2001


AFFIRMED


 Richard Ruiz appeals his sentence and conviction for aggravated sexual assault and indecency
with a child. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

 A jury found Richard Ruiz guilty of aggravated sexual assault and indecency with a child and
sentenced him to ten years imprisonment. Ruiz filed a timely motion for new trial alleging several
grounds of ineffective assistance of counsel and requested a hearing on his motion. The trial court
denied the motion without a hearing. Ruiz appealed, arguing, among other things, the trial court erred
in failing to grant a hearing.

 After reviewing Ruiz's motion for new trial and supporting affidavits, we concluded the trial
court erred in denying Ruiz a hearing because his motion for new trial and his own affidavit raised
reasonable grounds for relief that were not determinable from the record. See Ruiz v. State, No. 04-98-01082-CR, 2000 WL 863088, at *2 (Tex. App.-San Antonio June 28, 2000, order) (not
designated for publication). Accordingly, we abated the appeal and remanded the cause to the trial
court for a hearing on the matter. Id. 

 At the hearing, (1) Ruiz sought to introduce evidence of ineffective assistance not alleged in his
motion for new trial or attached affidavits. The trial court excluded the evidence and denied Ruiz's
request to make an offer of proof regarding the excluded evidence. At the conclusion of the hearing,
the trial court denied Ruiz's motion for new trial. The court's order did not specify the ground for
its ruling. Having before us the parties' supplemental briefs and the record from the motion for new
trial hearing, we now consider Ruiz's complaint regarding the trial court's denial of his motion for
new trial in addition to his previously submitted points of error.

Motion For New Trial

 Ruiz first complains the trial court erred in denying his motion for new trial in which he
alleged trial counsel provided ineffective assistance. We disagree.



Ineffective Assistance of Counsel

 To sustain an ineffective assistance of counsel claim, a defendant must show: (1) trial
counsel's performance was deficient, and (2) the deficient performance prejudiced his defense to such
an extent confidence in the outcome is undermined. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994). This showing must be sufficient to overcome the strong presumption trial counsel
rendered adequate assistance and counsel's actions were sound trial strategy. Id. "Failure to make
the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim." Strickland v. Washington, 466 U.S. 668, 700 (1984). "Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (quoting McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). While defendants have the right to effective
counsel, there is no constitutional right to error free counsel. Hernandez v. State, 726 S.W.2d 53, 58
(Tex. Crim. App. 1986). Therefore, in examining counsel's performance, we consider the totality of
the representation without the benefit of hindsight. Ex parte Welborn, 785 S.W.2d 391, 393 (Tex.
Crim. App. 1990). 

Standard of Review

 In reviewing the trial court's denial of a motion for new trial based on ineffective assistance
of counsel, we do not apply the Strickland test in a de novo fashion. State v. Gill, 967 S.W.2d 540,
542 (Tex. App.-Austin 1998, pet. ref'd). Instead, we review the trial court's application of the
Strickland test for an abuse of discretion. Id. In doing so, we presume the trial court's ruling is
correct, and the appellant has the burden of establishing the contrary. Lee v. State, 167 Tex. Crim.
608, 322 S.W.2d 260, 262 (1958). We will not substitute our judgment for the trial court's unless
its decision was clearly wrong and outside the zone of reasonable disagreement. See State v.
Gonzalez, 855 S.W.2d 692, 695 n. 4 (Tex. Crim. App. 1993) (quoting Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993)).

Discussion

 In a sworn affidavit attached to his motion for new trial, Ruiz alleged the following grounds
for his ineffective assistance claim: (1) counsel's failure to adequately prepare for trial; (2) counsel's
failure to pursue Ruiz's allegation that he saw V.C., the complainant, masturbating; (3) counsel's
failure to ask the State's expert if masturbation could cause trauma to the hymen -- supposedly the
jury discussed hymenal tearing and it played a large part in the jury's deliberations; (4) counsel's
failure to follow up on Ruiz's suggestion that a neighbor was a potential defense witness; (5)
counsel's failure to impeach Linda Cantu, V.C.'s mother and the outcry witness, with information that
she owned two guns; (6) counsel's failure to impeach Cantu with information that she lived with her
husband, V.C.'s father, before living with Ruiz; (7) counsel's failure to impeach Cantu to show she
had seen Ruiz more than twice after V.C. claimed Ruiz assaulted her and that Ruiz and Cantu had
sexual intercourse on two of these encounters; (8) counsel's failure to properly prepare Ruiz to
testify; (9) counsel's failure to meet with character witnesses before trial to fully develop their
testimony and, specifically, counsel's failure to call Ruiz's brother, who would have been willing to
testify during the guilt/innocence phase of the trial that Ruiz's reputation for truthfulness and veracity
was very good; (10) counsel's failure to introduce the allegedly favorable tapes and recorded
conversations of Ruiz and Cantu; and (11) counsel's failure to subpoena V.C.'s sister, who was
asleep in the same bed where Ruiz assaulted V.C.; the jury allegedly discussed this while deliberating.

Grounds Alleged in Motion for New Trial


 At the hearing, Ruiz questioned trial counsel regarding each of the grounds alleged in his
motion for new trial. For all but the ninth allegation listed above, counsel provided reasonable
explanations for his actions and all were related to trial strategy. "[T]he fact that [appellate counsel]
might have pursued a different course of action" at trial will not support a finding of ineffectiveness.
Hawkins v. State, 660 S.W.2d 65, 75 (Tex. Crim. App. 1983). We therefore overrule the points of
error related to these allegations.

 With respect to the ninth allegation, Ruiz asked counsel if he had spoken with any of the
character witnesses Ruiz recommended. Counsel stated he did not speak to all of these potential
witnesses before trial but he did speak with some of Ruiz's family members. However, he did not
recall talking to Ruiz's brother, a police officer. Without inquiring why counsel did not meet with or
interview all of the witnesses Ruiz had recommended, Ruiz began questioning counsel specifically
about his reasons for not calling Ruiz's brother to testify during the guilt/innocence phase of the trial.
Counsel conceded that calling a law enforcement officer, such as Ruiz's brother, as a character
witness could have made a favorable impression on the jury. Counsel went on to state that in
hindsight he probably would have had him testify if he had thought of it. However, at the time, he did
not think his testimony was critical because of the type of case that it was and because others had
testified Ruiz's brother was in law enforcement. 

 Although counsel did not call Ruiz's brother as a witness during the guilt/innocence phase of
the trial, counsel did call two other character witnesses, one of which was a former police chief.
Neither of these witnesses was related to Ruiz. Consequently, the jury probably would have found
the testimony of these witnesses more believable than any testimony Ruiz's brother would have given.
We therefore hold that the trial court did not abuse its discretion in denying Ruiz's motion based on
counsel's failure to call Ruiz's brother to testify in the guilt/innocence phase. See James v. State, 997
S.W.2d 898, 902 (Tex. App.-Beaumont 1999, no pet.) (trial counsel's failure to call every witness
requested by defendant is irrelevant absent evidence defendant would have benefitted from
testimony). "Counsel is not required to perform flawlessly, and ineffectiveness is not established solely
by the fact that a different trial strategy may have been pursued by another attorney in hindsight."
Muennink v. State, 933 S.W.2d 677, 680 (Tex. App.-San Antonio 1996, pet. ref'd). Moreover, Ruiz
has failed to show counsel's oversight prejudiced his defense to such an extent the outcome of the
trial would have been different. 

 We further hold that Ruiz has not rebutted the strong presumption counsel's decision not to
speak with other potential witnesses recommended by Ruiz was sound trial strategy because Ruiz did
not question counsel about his reasons for not speaking to these people. See Strickland, 466 U.S. at
689. We may not conclude based on speculation that counsel was ineffective when the record is silent
about why he made the decisions he did at trial. Jackson, 877 S.W.2d at 771. We therefore overrule
this point of error.



Exclusion of Evidence and Offer of Proof

 In a related point of error, Ruiz complains the trial court erred in excluding evidence he
sought to introduce to establish trial counsel was ineffective. In addition, he argues the trial court
erred in refusing to allow him to properly preserve the error for review by not permitting him to make
an offer of proof. 

 The "right to make an offer of proof or bill of exception is absolute," Spence v. State, 758
S.W.2d 597, 599 (Tex. Crim. App. 1988), cert. denied, 499 U.S. 932 (1991), and that right is
applicable in a motion for new trial hearing. See Rivera v. State, 981 S.W.2d 336, 340-41 (Tex.
App.-Houston [14th Dist.] 1998, no pet.). 

 At the hearing on his motion for new trial, Ruiz attempted to introduce into evidence the
affidavit of his trial attorney's paralegal, Melissa Baxter. In the affidavit, Baxter states she contacted
two jurors who told her the jury discussed trial counsel's decision not to call the complainant's sister,
Mary, who was in the same bed as the complainant when the sexual misconduct occurred. The jurors
also told Baxter the medical evidence of hymenal tearing was an important factor in the jury's
deliberations. The State objected to the affidavit, arguing it contained hearsay. The objection was
sustained and Ruiz asked to make an offer of proof. The trial court denied Ruiz's request, reasoning
that evidence of jury deliberations was inadmissible. Ruiz responded, arguing the evidence was
admissible under Rule 21.3 of the Rules of Appellate Procedure to prove ineffective assistance of
counsel. The court ultimately excluded the evidence without providing Ruiz an opportunity to make
his offer of proof.

 Juror's statements regarding jury deliberations are generally inadmissible to attack a verdict.
Tex. R. Evid. 606(b). That Ruiz sought to introduce the affidavit as part of a motion for new trial
alleging ineffective assistance of counsel did not make it admissible. See Garrett v. State, 946 S.W.2d
338, 341 (Tex. Crim. App. 1997) (juror's affidavit admissible to show jury misconduct but not for
purpose of impeaching jury verdict). Although the affidavit was inadmissible, the trial court erred in
not allowing Ruiz to make his offer of proof. The error, though, was harmless because it is apparent
from the record what Ruiz was attempting to establish by introducing Baxter's affidavit. See Williams
v. State, 964 S.W.2d 747, 753 (Tex. App.-Houston [14th Dist.] 1998, pet. ref'd). We therefore
overrule the point of error.

 At the hearing, Ruiz also attempted to show trial counsel was ineffective for other reasons
not alleged in his motion for new trial or affidavit. The trial court excluded most of the evidence,
reasoning that the particular instances of ineffective assistance Ruiz sought to establish were not
alleged in his motion for new trial and therefore could not be considered as a basis for granting his
motion. In response, Ruiz argued he was "not limited to the four corners of the affidavit at a motion
for new trial." 

 On appeal, Ruiz contends the following statement in his affidavit is a "catch all" phrase that
opens the door for inquiry into all matters of ineffectiveness not determinable from the record: "It is
my opinion that Mr. Woods was wholly unprepared and ineffective in my [sic] representation on this
matter." Therefore, according to Ruiz, the trial court erred in excluding evidence related to
allegations of counsel's ineffectiveness not specifically plead in his motion for new trial. He further
argues the trial court erred in refusing to allow him to make an offer of proof with respect to this
evidence. We disagree.

 "Although Tex. R. App. P. 31(a) does not specify what must be alleged in a motion for new
trial ... the accused is required to allege sufficient grounds to apprise the trial judge and the State as
to why he believes himself entitled to a new trial." Gonzalez, 855 S.W.2d at 694-95. To be sufficient,
"[p]leadings should give fair and adequate notice of the facts upon which the pleader relies in order
that the adverse party may properly prepare his defense." Texas Dept. of Corrections v. Jackson, 661
S.W.2d 154, 156 (Tex. App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.) (cited with approval by
Gonzalez, 855 S.W.2d at 695).

 Of the twenty-six additional grounds Ruiz raised during the hearing, only one was similar to
the grounds he alleged in his motion for new trial -- counsel's failure to ask V.C. if she was sexually
active, if she ever masturbated, or used tampons. However, Ruiz was permitted to question counsel
at the hearing about this particular allegation and counsel gave reasons related to sound trial strategy
-- counsel did not want to risk offending the jury. See Dannhaus v. State, 928 S.W.2d 81, 88 (Tex.
App.-Houston [14th Dist.] 1996, pet. ref'd). While counsel chose not to question V.C. in this
manner, he did attempt in his closing argument to cast doubt on the State's evidence by arguing that
although there was evidence showing V.C.'s hymen had been altered or torn, the State had not
conclusively established it was Ruiz who caused the injury. Counsel also suggested alternative ways
in which V.C.'s hymen could have been injured, i.e., masturbation. Therefore, we hold counsel's
performance was not deficient and the trial court did abuse its discretion in denying Ruiz's motion
based on this evidence. 

 Of the remaining instances of ineffective assistance Ruiz sought to establish at the motion for
new trial hearing, none were presented in his motion for new trial or supporting affidavits. Therefore,
none were properly before the court and the trial court did not err in refusing to entertain these
additional allegations or evidence. Singleton v. State, 986 S.W.2d 645, 656 (Tex. App.-El Paso 1998,
pet. ref'd). While the "catch all" pleading Ruiz refers to does conceivably encompass a wide range
of ineffective assistance, the additional grounds presented at the hearing were so dissimilar we fail to
see how this "catch all" pleading was sufficient to apprise the trial court or give the State fair notice
of the reasons Ruiz thought he was entitled to a new trial. Id. Finally, although the right to make an
offer of proof or bill of exceptions is absolute, the trial court's denial here was harmless. See
Williams, 964 S.W.2d at 753. It is apparent from the record that the issues Ruiz sought to preserve
for appeal were outside his motion for new trial and not properly before the court. See id.

Other Allegations of Ineffective Assistance

 In his original brief, Ruiz contends trial counsel was ineffective for reasons not plead in his
motion for new trial. The fact that these additional grounds of ineffective assistance were not raised
in his motion for new trial does not prevent us from considering them on appeal. Robinson v. State,
16 S.W.3d 808, 813 (Tex. Crim. App. 2000). 

A. Failure to Question and Challenge Jurors for Cause

 Although the ground was not raised in his motion for new trial, Ruiz was permitted to
question trial counsel at the motion for new trial hearing about his reasons for not questioning or
failing to challenge for cause some of the jurors. We will address Ruiz's complaints related to these
jurors first.

1. Allegations Addressed at Hearing

 Ruiz argues trial counsel was ineffective in failing to challenge for cause Irene Denkeler, Joe
Garcia, Ruthie Haywood, Richard Hearn, Selma Davila, and Charles Crutchfield. In response to a
question by the State, each of these potential jurors indicated they would be opposed to probation
as a possibility for punishment yet all were selected to sit on Ruiz's jury. Therefore, Ruiz argues
counsel's performance was deficient and the result of the trial would have been different but for
counsel's performance. We disagree. 

 A venireperson who states that he or she could not consider the full range of punishment is
challengeable for cause for having a bias or prejudice against the law. Johnson v. State, 982 S.W.2d
403, 405-406 (Tex. Crim. App. 1998). However, failure to challenge a venireperson for this reason
does not necessarily constitute ineffective assistance of counsel. Delrio v. State, 840 S.W.2d 443, 446
(Tex. Crim. App. 1992). In Delrio, the Court of Criminal Appeals reasoned that "[a]lthough we
would certainly expect the occasion to be rare, we cannot say ... that under no circumstances could
defense counsel justifiably fail to exercise a challenge for cause or peremptory strike against a
venireman who deemed himself incapable of serving on the jury in a fair and impartial manner." Id.

 At the motion for new trial hearing, trial counsel stated he could not remember the names of
the particular jurors Ruiz was referring to. However, he did recall this was a "horrible panel for the
defense ... and there were people on that panel that were far worse than a lot of the others. And those
were the ones that had to go first." In addition, if he thought a witness was sufficiently rehabilitated
in that they could follow the law, he saw no reason for challenging the witness for cause.

 Our review of the record reveals that more than half the venire raised their hands when the
State asked if there was anyone who could not consider probation as possible punishment.
Consequently, the State, the defense, and the trial court spent most of voir dire dealing with this issue
alone. When questioned individually, Irene Denkeler, Joe Garcia, Ruthie Haywood, and Richard
Hearn stated they could be fair and impartial in all respects. Thus, counsel's performance was not
deficient for failing to challenge these jurors for cause.

 The remaining two jurors, Davila and Crutchfield, were questioned individually by the State,
the defense or both, but they were not asked if they could be fair and impartial by considering the full
range of punishment, including probation. Nevertheless, we must presume trial counsel is better
positioned "to judge the pragmatism of the particular case." Id. at 447. "[W]hile counsel's failure to
remove [Davila and Crutchfield] seems less than a fullfledged trial 'strategy,' it appears at least to
have been the product of a deliberate choice." Id. at 445. Counsel's statement about this being a
horrible panel indicates his decision not to challenge Davila or Crutchfield was not the result of
ignorance or neglect. See id. Rather, it appears to have been the result of trial strategy. The fact that
Ruiz did not get probation "means only that the risk did not pay off; it does not mean the strategy was
unacceptable from the perspective of jury selection." Delrio, 840 S.W.2d at 447. Thus, Ruiz has
failed to overcome the strong presumption counsel "made all significant decisions in the exercise of
reasonable professional judgment." Id. at 447 (quoting Strickland, 466 U.S. at 690).

 Ruiz next complains counsel was ineffective for failing to challenge Joe Garcia and Fred
Hunwick for cause. Garcia raised his hand when the State asked if any of the jurors or their family
members knew someone who had been sexually assaulted or abused. Hunwick responded to a
question asking jurors if they had young grandchildren. Hunwick had two, ages four and six. Trial
counsel disagreed that this was reason enough to challenge either juror for cause. We agree with trial
counsel. Each indicated they could be fair and impartial in considering all the evidence presented.
Thus, no basis existed for challenging these jurors for cause. In re S.P., 9 S.W.3d 304, 307 (Tex.
App.-San Antonio 1999, no pet.).

 Finally, Ruiz argues counsel was ineffective for failing to ask Andrew Villarreal any questions
during voir dire. However, Ruiz cites us to no authority requiring counsel to question each
venireperson and we are aware of none. See White v. State, 999 S.W.2d 895, 898 (Tex.
App.-Amarillo 1999, pet. ref'd). Moreover, Ruiz provides no reason how this alleged error
prejudiced his defense or deprived him of a fair trial. See Ladd v. State, 3 S.W.3d 547, 570 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000); Sanders v. State, 963 S.W.2d 184, 190 (Tex.
App.-Corpus Christi 1998, pet. ref'd). We therefore overrule these issues.

2. Allegations Not Addressed at Hearing

 In his brief, Ruiz raises other issues of ineffective assistance related to voir dire and jury
selection. However, Ruiz was not permitted to question trial counsel about these allegations at the
motion for new trial hearing once the State objected and the court concluded Ruiz's questions were
outside the scope of his motion for new trial.

 Ruiz first argues counsel was ineffective for failing to challenge for cause Stephanie Ruiz-Burch and Richard Hearn, who were both selected to serve on Ruiz's jury. Ruiz argues trial counsel
should have challenged Ruiz-Burch for cause because she raised her hand when the State's asked if
anyone had been a victim of sexual assault or knew someone who had been sexually assaulted or
abused. Similarly, Ruiz argues Hearn should have been challenged for cause because he had some
experience in dealing with children's reports of sexual abuse as a principal at a middle school. We
disagree.

 The State specifically asked Ruiz-Burch if she could be fair despite the fact either she or
someone she knew had been a victim of sexual assault or abuse and Ruiz-Burch stated she could be
fair. Likewise, Hearn, when questioned individually, stated he could be fair as well. Thus, these jurors
were not challengeable for cause and counsel's performance was not deficient for failing to challenge
the jurors for cause. In re S.P., 9 S.W.3d at 307. We therefore overrule the point.

 Ruiz next contends counsel was ineffective for failing to challenge and question Walter
Mullen, who indicated he had sat on the jury of a child molestation case twelve years ago and had
dealt with special education children claiming to be victims of sexual abuse. Ruiz argues his defense
was prejudiced because Mullen was selected to serve on his jury and he served as the jury foreman.
We disagree.

 Mullen never expressed a bias in favor of the State or against the defendant. Therefore,
counsel's performance was not deficient for failing to question Mullen. Ewing v. State, 971 S.W.2d
204, 208 (Tex. App.-Beaumont 1998, pet. ref'd). Furthermore, because Mullen explained that the
jury he sat on in the previous molestation case was unable to reach a decision -- it was a hung jury
-- trial counsel could have reasonably believed this juror would be favorable to the defense. See
Delrio, 840 S.W.2d at 446-47. Without a record of counsel's reasons for not challenging this
particular juror, we decline to presume counsel's actions were not based on sound trial strategy or
"that counsel was not functioning within 'prevailing professional norms.'" Delrio, 840 S.W.2d at 447
(quoting Strickland, 466 U.S. at 690); see Jackson, 877 S.W.2d at 771-72.

 Ruiz next maintains counsel was ineffective for failing to challenge and question: (1) Priscilla
Trawick and Douglas Ghrist, both of whom raised their hands when the State asked if anyone had
specialized training in dealing with sexual assault victims; (2) John Davis, who stated his nephew was
a police officer; and (3) Judith Hall, another prospective juror with specialized training in dealing with
sexual assault victims, who had testified as an outcry witness in the past. Ruiz further argues counsel
was ineffective in failing to object to statements made by Hall in the presence of the jury. Specifically,
Ruiz complains counsel should not have allowed Hall to express her opinion about why some children
delay outcry.

 To prevail on a claim of ineffective assistance of counsel, Ruiz had the burden of
demonstrating that but for counsel's deficient performance, the outcome of trial would have been
different. Strickland, 466 U.S. at 694. Ruiz has made no effort to show counsel's performance
prejudiced his defense. Indeed, because these jurors did not sit on Ruiz's jury, we fail to see how his
defense could have been prejudiced. Therefore, without deciding whether counsel's performance was
deficient, we hold that Ruiz failed to prove counsel provided ineffective assistance. See Rico v. State,
707 S.W.2d 549, 556 (Tex. Crim. App. 1983).

B. Misstatements of Law

 In his next point of error, Ruiz argues he was denied effective assistance of counsel because
trial counsel failed to object to misstatements of law made by the State during voir dire. We disagree.


Discussion

 During voir dire the prosecutor for the State made the following statements regarding
community supervision:

 State: It is a five year minimum, but if you sentence him to less than - ten
years or less, then probation is still a possibility. ... If you were to
determine that, let's say 20 years is the proper punishment, let's say he
would not be eligible for probation. But if the number that you come
up with is ten years or less, then probation is a possibility.


 ...


 The law allows a jury to give a defendant probation.


 ...


 Venireperson: If we give ten years, would that automatically mean he couldn't get out
on probation?


 State: If you gave more than ten years, ten or more. Ten years and one day,
let's say, then probation would not be an option. ... If you gave them
less than ten years, ...nine years and 364 days, you could assess that as
prison time or probation. ... I know this is a lot of stuff to take in, and
you don't have to have all of these things memorized, or anything like
that. We're asking this question because we want to make sure that we
have 12 jurors that can follow the law, and can give this defendant a
fair trial. And in order for him to have a fair trial, he has to have people
judge him that would be willing to consider all of the possibilities.
Because if he is found guilty, he is entitled to the full range of
punishment. 


 Venireperson: But if he had got - your example is ten years and three months, he can
still receive probation?


 State: No.


 Venireperson: He has to serve the whole ten years and three months?


 State: That would be his sentence.


 ...


 Now, another thing is, is for a person that is found guilty to be
considered for probation, not only would the jury have to assess
punishment of under ten years, but this person can also not have had
any prior felony convictions.


 ...


 There has to be a sentence of less than ten years, no prior felony
convictions, and they actually have to apply to the court for probation
... Anybody changed their mind about whether or not they'd be willing
to consider the full range of punishment?


 As Ruiz correctly points out, article 42.12 of the Texas Code of Criminal Procedure states
that "[a] defendant is not eligible for community supervision under this section if the defendant is
sentenced to a term of imprisonment that exceeds 10 years." Tex. Code Crim. Proc. Ann. art. 42.12
§ 4(d)(1) (Vernon Supp. 2000). Thus, the prosecutor's instructing the venire that it could not
recommend probation if it were to sentence the defendant to ten years was incorrect. However,
considering these misstatements in the context of the entire voir dire examination, the trial that
followed, and the court's charge, we hold that any prejudice caused by the prosecutor's misstatement
was harmless. See Herrera v. State, 11 S.W.3d 412, 415 (Tex. App.-Houston [1st Dist.] 2000, pet.
ref'd) (analyzing prosecutorial misstatements of law under Rule 44.2(b) of the Texas Rule of
Appellate Procedure); White v. State, 910 S.W.2d 630, 634 (Tex. App.-Beaumont 1995, no pet.)
(concluding prosecutor's misstatements of law made during voir dire have less impact than those
made in final argument, which is the last thing jurors generally hear before deliberating).

 In reviewing improper statements made during voir dire, we bear in mind that "[g]reat latitude
should be allowed in voir dire examinations so that counsel for both the defense and the State have
a good opportunity to assess the relative desirability of the venire members." Orosco v. State, 827
S.W.2d 575, 577 (Tex. App.-Fort Worth, pet. ref'd), cert. denied, 506 U.S. 960 (1992). To
determine whether the State's misstatements of law were so prejudicial as to deny a defendant a fair
trial, we do not ask "whether the jury reached the correct result, but rather whether the jurors were
able properly to apply law to facts in order to reach a verdict." Harris v. State, 790 S.W.2d 568, 588
(Tex. Crim. App. 1989). Generally, "'[s]tatements by counsel will not constitute reversible error
unless, in light of the record as a whole, the statements are extreme or manifestly improper, violative
of a mandatory statute, or inject new facts harmful to the accused into the proceedings.'" Godfrey
v. State, 859 S.W.2d 583, 585 (Tex. App.-Houston [14th Dist.] 1993, no pet.) (quoting Brooks v.
State, 642 S.W.2d 791, 798 (Tex. Crim. App. 1982)).

 While some of the prosecutor's statements were incorrect, it is apparent from the record that
the statements were not made in an attempt to taint the trial process. See Harris, 790 S.W.2d at 588.
Nor were the statements meant to influence jurors in any eventual decision they might make regarding
Ruiz's punishment. Id. Rather, the statements were made for the purpose of determining which
members of the venire could consider the full range of punishment, including probation. The
prosecutor explained to the venire she was questioning them about probation to ensure that the jurors
selected to serve on Ruiz's jury could follow the law and give him a fair trial.

 Moreover, the prosecutor made clear that all instructions, including any law discussed during
voir dire, would be provided in the jury charge at the end of the trial. Thereafter, the State did not
repeat the misstatements again during opening argument, the intervening trial, or in closing argument.
Finally, the jury charge contained a correct statement of the law on community supervision. See
Herrera, 11 S.W.3d at 415. The charge instructed the jury that it could recommend community
supervision if it "assesses the punishment at not more than 10 years for each offense, and they further
find that the defendant has never been convicted of a felony ..." 

 Absent evidence to the contrary, we presume the jury understood and followed the court's
instructions as correctly set forth in the charge. Herrera, 11 S.W.3d at 416 (citing Hutch v. State, 922
S.W.2d 166, 172 (Tex. Crim. App. 1996)). Ruiz points to no evidence the jury either misunderstood
or failed to follow the jury charge. See Herrera, 11 S.W.3d at 415-16. That the jury did not
recommend community supervision in this case is not proof the jury did not follow the court's
instructions. Thus, we conclude the State's misstatement during voir dire did not contribute to Ruiz's
punishment in that the statements did not influence the jury's decision to sentence Ruiz to ten years
for each offense without recommending community supervision. Consequently, Ruiz was not denied
a fair trial and trial counsel's failure to object to the improper statements did not amount to ineffective
assistance. We therefore overrule the point of error.

C. Outcry Testimony and Other Hearsay

 Next, Ruiz contends trial counsel was ineffective in failing to object to the hearsay testimony
of the complainant's mother, an examining doctor, and a police officer. Ruiz also argues counsel was
ineffective for waiving an article 38.072 hearing. We disagree. 

Discussion

 The outcry testimony of a child abuse victim is admissible as an exception to the hearsay rule
if the requirements of article 38.072 are met. See Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon
Supp. 2000). To prevent surprise, this article requires that the State give the defendant notice of its
intent to introduce outcry testimony at trial. Garcia v. State, 907 S.W.2d 635, 638 (Tex.
App.-Corpus Christi 1995), aff'd, 981 S.W.2d 683 (Tex. Crim. App. 1998). To achieve this purpose,
the State must provide the defendant with a written summary that adequately reflects the content and
the scope of the outcry testimony. Id. To determine the admissibility of outcry testimony, article
38.072 provides for a hearing outside the presence of the jury. See Tex. Code Crim. Proc. Ann. art.
38.072. The hearing is mandatory, Beckley v. State, 827 S.W.2d 74, 78 (Tex. App.-Fort Worth 1992,
no pet.), but it is subject to waiver. See Beckham v. State, 29 S.W.3d 148, 154. (Tex. App.-Houston
[14th Dist.] 2000, no pet.).

 The State gave timely and adequate notice of its intent to call Linda Cantu as the outcry
witness. Attached to the notice was Cantu's seven-page affidavit, which contained a detailed
description of V.C.'s statements and the context in which the statements occurred. Before calling
Cantu as a witness, the State announced to the court and defense counsel it was prepared to go
forward with a hearing to establish Cantu was the proper outcry witness. Defense counsel stated that
a hearing was not necessary. Cantu's testimony did not exceed the scope of her affidavit. Therefore,
Ruiz was not and does not claim to have been surprised by the mother's testimony. Further, V.C.
testified at trial about the statements she made to her mother and Ruiz's assaults. Because V.C.
testified and there is no indication in the record that Ruiz or trial counsel was surprised by Cantu's
outcry testimony, Ruiz was not prejudiced by the admission of the testimony or counsel's failure to
object to the testimony. See Smith v. State, No. 06-00-00134-CR, 2001 WL 65672, at *3 (Tex.
App.-Texarkana, Jan. 29, 2000, no pet. h.); Fetterolf v. State, 782 S.W.2d 927, 930 (Tex.
App.-Houston [14th Dist.] 1989, pet. ref'd). We therefore hold that Ruiz has failed to establish the
second prong of Strickland and we overrule the point of error.

 In a related point of error, Ruiz argues trial counsel did not adequately cross-examine Cantu.
Specifically, he contends counsel was ineffective for eliciting harmful testimony from Cantu. We
disagree. 

 Counsel's decision to question Cantu about the initial outcry and the context in which it
occurred was clearly trial strategy. See Dannhaus, 928 S.W.2d at 88. It is apparent from the record
that counsel was attempting to attack the credibility of not only this witness but also V.C. by showing
V.C. did not like Ruiz. More importantly, Cantu's responses to counsel's questions showed V.C. did
not like the way Ruiz had been treating her mother. Thus, V.C. had motive to fabricate the offense
and it was counsel's cross-examination of Cantu that brought this out. Consequently, counsel did not
provide ineffective assistance by cross-examining Cantu as he did. See id. 

 Next, Ruiz complains he was denied effective assistance of counsel because trial counsel failed
to object to the hearsay testimony of Shirley Menard, a nurse practitioner who examined V.C. for
sexual abuse and testified to statements made by V.C. during a physical examination at Santa Rosa
Children's Hospital. We disagree. 

 Failing to object to testimony cumulative of evidence already before the jury is within the
bounds of trial strategy. Cain v. State, 976 S.W.2d 228, 237 (Tex. App.-San Antonio 1998, no pet.).
Here, the medical records containing V.C.'s statements had already been admitted into evidence
before Menard testified to the statements. Consequently, Menard's testimony was cumulative and
counsel's failure to object to this cumulative evidence will not overcome the strong presumption that
counsel was reasonably effective. We therefore overrule the point.

 Finally, Ruiz argues counsel was ineffective for failing to object to the testimony of Officer
Catherine Frisce and in failing to adequately cross-examine her. Frisce responded to a call made by
V.C.'s mother and testified at trial to what V.C. told her about the sexual abuse. According to Ruiz,
Frisce's inadmissible testimony reinforced the picture of abuse portrayed by the State. For support,
Ruiz relies on Alvarado v. State, 775 S.W.2d 851 (Tex. App.-San Antonio 1989, pet. ref'd) (per
curiam) and Fernandez v. State, 830 S.W.2d 693 (Tex. App.-Houston [1st Dist.] 1992, no pet.) to
establish the prejudice prong of Strickland. We do not agree.

 "A failure to object to inadmissible hearsay testimony does not always constitute ineffective
assistance of counsel." Darby v. State, 922 S.W.2d 614, 624 (Tex. App.-Fort Worth 1996, pet.
ref'd). Likewise, a failure to adequately cross-examine a witness is not per se ineffective assistance
where counsel may have refrained from aggressively "cross-examining a damaging witness to
minimize the impact of [her] testimony." Dannhaus, 928 S.W.2d at 88. Because the record is devoid
of anything that reflects counsel's reasoning for not objecting to Officer Frisce's testimony or not
vigorously cross-examining her, we decline to speculate about trial counsel's trial strategy. See
Jackson, 877 S.W.2d at 771; Delrio, 840 S.W.2d at 447. Instead, we defer to the Strickland
presumption that counsel's decision was based on trial strategy. See Jackson, 877 S.W.2d at 771-72. 

 Moreover, the facts of this case are distinguishable from Alvarado and Fernandez. In
Alvarado, counsel did not object either to hearsay testimony regarding the complainant's statements
to various witnesses or to testimony of the defendant's extraneous offenses committed against a
second child. See Alvarado, 775 S.W.2d at 855-57. Fernandez is also distinguishable in that it
involved not only counsel's failure to object to the inadmissible hearsay testimony of two witnesses
but also counsel's decision to call the defendant's wife, whose testimony gave the State evidence it
needed to link the defendant to the crime when no other evidence did so. See Fernandez, 830 S.W.2d
at 697-98. Here, the State presented the testimony of the complainant and the complainant's mother,
both of whom affirmatively identified Ruiz as the person who committed the alleged offense. In
addition, the admitted medical records from both Santa Rosa Children's Hospital and Alamo
Children's Advocacy Center contained statements made by V.C. identifying Ruiz as the perpetrator.
See Castoreno v. State, 932 S.W.2d 597, 601-602 (Tex. App.-San Antonio 1996, pet. ref'd) (child's
statement to doctor identifying assailant in sexual assault held admissible). We therefore hold that
Ruiz has failed to satisfy either the first or second prong of Strickland and we overrule the point of
error.

D. Jury Instruction on Burden of Proof

 Ruiz next argues the trial court erred in failing to instruct the jury on the burden of proof for
evidence of extraneous offenses or bad acts introduced at the punishment phase of the trial. Ruiz
further argues trial counsel was ineffective for failing to object to the omission of a reasonable doubt
instruction in the charge.

Applicable Law

 "[A]rticle 37.07 'requires that [extraneous bad acts and offenses] may not be considered in
assessing punishment until the fact-finder is satisfied beyond a reasonable doubt that [such acts and
offenses] are attributable to the defendant.'" Huizar v. State, 12 S.W.3d 479, 483 (Tex. Crim. App.
2000) (quoting Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999)). Thus, a trial court
commits error when it fails to instruct the jury on the burden of proof for extraneous offense evidence
admitted during the punishment phase of a trial. Huizar, 12 S.W.3d at 484. The trial court must
instruct the jury on the burden of proof even if the defendant fails to object or ask for a reasonable
doubt instruction. Id.

 If no objection was made at trial, we review the jury charge error to determine if it was
fundamental error. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984), cert. denied, 481
U.S. 1019 (1987); see also Huizar, 12 S.W.3d at 484-85 ("Almanza sets forth the appropriate harm
analysis for charge error" deriving from statutory violations). We will reverse only if the error was
so egregious that the defendant was denied a fair and impartial trial. Almanza, 686 S.W.2d at 171. 

Error is considered egregious when it is sufficiently serious to cause a reviewing court to find that
"the case for conviction or punishment was actually made clearly and significantly more persuasive
by the error." Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991). We assess the "actual
degree of harm ... in light of the entire jury charge, the state of the evidence, including the contested
issues and weight of probative evidence, the argument of counsel and any other relevant information
revealed by the record of the trial as a whole." Almanza, 686 S.W.2d at 171.

Discussion

 During the punishment phase of the trial, the State presented evidence Ruiz assaulted Linda
Cantu while he was intoxicated. Ruiz was never formally charged with this offense. The trial court
did not instruct the jury regarding the burden of proof applicable to such evidence and Ruiz did not
object to the omission of a reasonable doubt instruction in the court's charge. Nevertheless, the court
still had a duty to include the instruction in the jury charge and it erred in not doing so. Huizar, 12
S.W.3d at 484.

 After reviewing the record in this case, we are not convinced that the trial court's failure to
provide a reasonable doubt instruction at the punishment phase of trial amounted to egregious harm.
The issue of whether Ruiz actually assaulted Cantu was contested during the punishment phase.
However, the State did not refer to the assault during jury argument. Instead, the prosecutor for the
State focused on V.C., Ruiz's victim, and the offense of which the jury found him guilty. The
prosecutor urged the jury to assess a punishment of more than twenty-five years but not less than
fifteen years. The jury did not follow the prosecutor's recommendation, but instead assessed a
considerably lesser penalty of ten years. Under the circumstances presented, we hold that the record
does not show the court's failure to include a reasonable doubt instruction resulted in egregious harm
or deprived Ruiz of a fair and impartial trial. We therefore overrule this point of error.

 Ruiz also complains he was denied effective assistance of counsel because counsel failed to
request a reasonable doubt instruction at the punishment phase. We disagree. "Failure to request an
instruction on the burden of proof required for consideration of extraneous offenses during the
punishment phase of trial is not necessarily ineffective assistance of counsel." Gholson v. State, 5
S.W.3d 266, 273 (Tex. App.-Houston [14 Dist.] 1999, pet. ref'd). In reviewing such a claim, we
evaluate the totality of trial counsel's representation during the punishment and the guilt/innocence
phases of trial. Id. 

 Here, trial counsel admitted his failure to request the instruction was not due to trial strategy.
Rather, it was simply an oversight on counsel's part. Though in hindsight counsel should have
requested an instruction on reasonable doubt, we are not convinced counsel's failure to do so rose
to the level of ineffective assistance. Hernandez, 726 S.W.2d at 58.

 Throughout both phases of trial, counsel thoroughly examined witnesses, objected to
evidence, and argued on Ruiz's behalf. For instance, counsel attacked V.C.'s credibility by arguing
to the jury it was implausible that Ruiz could have sexually assaulted V.C. without waking her sister,
who was asleep in the same bed. According to V.C., these assaults were painful yet V.C.'s sister told
the police she never heard a thing. Counsel also presented and argued a plausible motive for V.C.
fabricating the allegation. In addition, defense counsel put on four character witnesses in Ruiz's
defense during the guilt/innocence and punishment phases. One of these witnesses was a retired police
chief, who testified Ruiz had a good reputation for truthfulness in the community. Based on the
totality of trial counsel's representation, we hold that counsel's representation did not fall below
objective standards of reasonability. Accordingly, we overrule the point of error.

E. Reasonable Doubt Definition

 Next, Ruiz contends the trial court erred in failing to provide a definition of reasonable doubt
at the punishment phase of the trial. He also argues trial counsel provided ineffective assistance
because he failed to request a reasonable doubt definition. We disagree. The Court of Criminal
Appeals in Paulson v. State, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) held that "the better
practice is to give no definition of reasonable doubt at all to the jury." Consequently, the trial court
did not err in providing a definition of reasonable doubt and trial counsel's failure to request one did
not amount to ineffective assistance of counsel. We therefore overrule the points of error related to
this complaint.

F. Jury Consideration of Parole Laws

 Ruiz next complains the trial court erred in overruling his objection to the State's improper
jury argument regarding parole laws. He further complains trial counsel was ineffective for failing to
preserve error on this issue by not specifically objecting to the improper jury argument. We disagree.

Applicable Law

 To be considered proper, "jury argument must fall within one of the following four categories:
(1) summation of the evidence; (2) reasonable deduction from the evidence; (3) response to argument
of opposing counsel; or (4) plea for law enforcement." Cooks v. State, 844 S.W.2d 697, 727 (Tex.
Crim. App. 1992), cert. denied, 509 U.S. 927 (1993). "[H]arm caused by improper comments on the
applicability of parole law is curable if the court provides an instruction to disregard." Helleson v.
State, 5 S.W.3d 393, 396 (Tex. App.-Fort Worth 1999, pet. ref'd). "Reversal is warranted only
when, 'in light of the record as a whole [the argument] was extreme or manifestly improper, violative
of a mandatory statute, or injected new facts harmful to the accused into the trial proceedings.'" Id.
(quoting Borjan v. State, 787 S.W.2d 53, 57 (Tex. Crim. App. 1990)). 

Discussion

 During jury argument in the punishment phase of the trial, the State made the following
remarks regarding parole law and Ruiz's eligibility for parole:

[O]ne of the things that I want to refer to is the eligibility for parole. And that's
mentioned in the jury charge. I want to make sure that you all understand that. If you
decide to give this defendant a certain number of years, he will be eligible for parole.
That isn't to say that he will be paroled, but he will be eligible after he has served half
of that time. So for example, if you gave him a 20-year sentence, he would be eligible
for parole in ten years from now. Okay. So keep that in mind when you are
determining what the appropriate punishment is. And if you decide to give him a
number of years, that that is something that he will be eligible for.

 

Ruiz objected to both the State's argument regarding parole laws and to its inclusion in the jury
charge. The trial court overruled Ruiz's objections, but promptly instructed the jury to follow the
court's charge, which instructed the jury as follows:

You may consider the existence of the parole law and good conduct time. However,
you are not to consider the extent to which good conduct time may be awarded to or
forfeited by this particular defendant. You are not to consider the manner in which the
parole law may be applied to this particular defendant.


 On appeal, the State urges that the prosecutor's jury argument was not improper because it
merely tracked the language in the court's charge, which was an accurate statement of parole law.
We disagree. 

 The argument not only tracked the law but also impermissibly invited the jury to consider the
effects of parole in determining Ruiz's punishment. See Jaramillo Perez v. State, 994 S.W.2d 233,
236-37 (Tex. App.-Waco 1999, no pet.). However, we hold the error was harmless. While improper,
the court cured the error by instructing the jury to follow the jury charge regarding parole law and
the prosecutor did not thereafter repeat her improper argument. See Mestiza v. State, 923 S.W.2d
720, 724 (Tex. App.-Corpus Christi 1996, no pet.). Finally, it does not appear either that the jury
gave much weight to the State's improper argument or that it was unable to follow the law provided
in the charge because Ruiz's sentence of ten years is at the lower end of the punishment range for
aggravated sexual assault and indecency with a child. See Orona v. State, 791 S.W.2d 125, 130 (Tex.
Crim. App. 1990). Therefore, we conclude the improper jury argument by the State did not contribute
to Ruiz's punishment. Finally, because defense counsel's objection was sufficiently specific enough
to induce the trial court to instruct the jury to follow the law contained in the jury charge, we hold
counsel's performance was not deficient under prong one of Strickland. See Tex. R. App. Proc.
33.1(a). We therefore overrule both points of error.

Prejudicial Jury Charge

 In his final point of error, Ruiz argues the trial court erred in submitting a prejudicial charge
to the jury for consideration during the guilt/innocence phase of the trial.

 At trial, Ruiz objected to his name being misspelled in the charge. Out of the twelve times
Ruiz's name was mentioned in the charge, "Richard Cantu" rather than "Richard Ruiz" appeared four
times. The court overruled the objection but corrected the misspellings by crossing out "Cantu" and
substituting "Ruiz." However, the court overlooked one of the references to "Richard Cantu." Ruiz
argues this error was prejudicial. We disagree. 

 Ruiz has not shown how the error was harmful and we see no reason why the court's failure
to correct all but one reference to "Richard Cantu" harmed Ruiz. See Atuesta v. State, 788 S.W.2d
382, 384 (Tex. App.-Houston [1st Dist.] 1990, pet. ref'd). The jury was presented with evidence
during the trial that Linda Cantu and Richard Ruiz were married at the time the offense occurred.
Thus, the name "Cantu" was not completely foreign to the jury and it is unlikely this single reference
to "Cantu" confused the jury. 

 In addition, Ruiz contends the court erred in refusing to change the Roman numerals in the
charge to reflect how the indictment was true billed. The State abandoned counts one through three
of the indictment, proceeding only on counts four through seven. Ruiz argued at trial that leaving
counts four through seven numbered the same as they were in the indictment would create
consternation and confusion among the jurors because, subliminally, jurors would have before them
information regarding other charges either not disposed of or abandoned for whatever reason. We
disagree. 

 The numbering was surplusage and as such its inclusion or exclusion in the jury charge was
immaterial. Moreover, we fail to see how the numbering could have confused the jury when the
court's charge, including the numbering of the counts, corresponded to the indictment, the verdict
forms, and the State's closing argument to the jury. The jury was not asked and did not find against
Ruiz on matters other than those contained in counts four, five, six, and seven. We therefore hold that
the trial court did not err in refusing to change the numbering in the jury charge. The point of error
is overruled. The judgment of the trial court is affirmed.


 Sarah B. Duncan, Justice

Do not publish
1. The Honorable Raymond Angelini presided over the motion for new trial hearing.