No. 04-98-00894-CV

IN THE MATTER OF S.P.

From the 73rd Judicial District Court, Bexar County, Texas

Trial Court No. 98-JUV-01425

Honorable Frank Montalvo, Judge Presiding

Opinion by: Karen Angelini, Justice 

Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

Delivered and Filed: November 17, 1999


AFFIRMED

Nature of the case

 A jury found that S.P. had engaged in delinquent conduct by committing the offense of
criminal mischief. The court assessed punishment at 19 months probation and placed S.P. outside
of his home. In the first issue, S.P. alleges that he received ineffective assistance of counsel. In the
second issue, S.P. alleges that the court erred by failing to record all of the proceedings. In the third
issue, S.P. asserts that the court erred in denying his motion for new trial. We affirm the judgment.

Factual Background

 S.P. was found to have engaged in delinquent conduct by breaking two windows at an
apartment. The resident of the apartment, Wanda Blanquyz, testified that the sound of shattered
glass awoke her at approximately 4:00 a.m. Blanquyz woke her son who looked out of the window
and observed four males carrying a barbeque grill and heading toward the apartment. The son
recognized S.P. as one of the males because he had known S.P. from the neighborhood. The son
went downstairs and watched the males ram the barbeque grill into the sliding door. The son
observed S.P. again. When the police arrived, the males ran away but were apprehended in a nearby
parking lot. The police brought Blanquyz's son to the parking lot where he identified S.P. and the
others as the males he saw through his window.

Ineffective assistance

 In his first issue, S.P. asserts that he received ineffective assistance of counsel. Specifically,
S.P. complains that his counsel: (1) failed to challenge for cause jurors who had been victims of
criminal mischief; (2) elicited favorable testimony from State witnesses; (3) failed to effectively
convey the defense theory of the case; (4) failed to seek postponement of the disposition hearing to
obtain a current psychological report; and (5) waived allegation of jury misconduct during the motion
for new trial hearing.

 The right to assistance of counsel also includes the right to reasonably effective assistance
of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In assessing the effectiveness of
counsel, we apply the two-part test set forth by the Supreme Court in Strickland v. Washington. The
test requires us to determine whether: (1) counsel's performance was deficient; and if so, (2) whether
there is a reasonable probability that results would have been different but for counsel's deficient
performance. Id. The appellant must overcome the presumption that his trial counsel's conduct
might be considered to be sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). Claims of ineffective assistance of counsel must be affirmatively demonstrated in the
record. See McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 519 U.
S. 1119 (1997). Further, we strongly presume that counsel's conduct lies within the "wide range of
reasonable representation" and we examine the totality of the representation to determine the
effectiveness of counsel. Id.

 Voir dire

 S.P. contends that his counsel erred by failing to challenge for cause or use peremptory
challenges on jurors nine and thirteen because they both had been vandalized by having windows
broken. S.P. contends that allowing victims of similar crimes to sit on the jury amounts to
ineffective assistance of counsel. Although jurors nine and thirteen had been the victims of similar
crimes, they both testified that they could be fair and impartial in response to the State's individual
voir dire questions. Because the jurors testified that they could be fair and impartial, no basis existed
for a challenge for cause. See Bradley v. State, 960 S.W.2d 791, 804 (Tex. App.-El Paso 1997, pet.
ref'd).

 With regard to peremptory challenges, the State points out that many panel members had
been the victims of vandalism and thus, counsel might have exercised his challenges on other panel
members. Because there is no evidence in the record indicating why counsel chose not to make a
peremptory challenge on jurors nine and thirteen, S.P. cannot demonstrate that failure to strike jurors
nine and thirteen amounted to ineffective assistance of counsel.

Cross-examination

 S.P. contends that his counsel elicited favorable testimony from the State's witnesses and
failed to develop his theory of the case. While questioning Blanquyz during cross-examination,
defense counsel asked Blanquyz if her son told the police that he knew who had broken the windows.
Blanquyz answered that she believed he did because he had seen them through the window. S.P.
contends that his counsel's question bolstered the son's credibility. S.P. also complains about the
cross-examination of Officer Huron who responded to Blanquyz's 911 call. Defense counsel asked
Officer Huron about how the call was dispatched and Officer Huron responded that it might have
been dispatched as a burglary in action. S.P. contends that this testimony damaged his case. In order
to show ineffectiveness, S.P. must overcome the presumption that counsel's cross-examination
constituted trial strategy. See Valdes-Fuerte v. State, 892 S.W.2d 103, 111 (Tex. App.-San Antonio
1994, no pet.). Further, S.P. must demonstrate how counsel's cross-examination prejudiced his
defense. Because Blanquyz's testimony merely duplicated that of her son, we find that S.P.'s
defense was not prejudiced and he has failed to overcome the presumption that the cross-examination constituted trial strategy. Further, S.P. has failed to demonstrate how Officer Huron's
testimony prejudiced his defense.

 S.P. also asserts that his attorney failed to develop the theory of the case. According to S.P.,
he was in the wrong place at the wrong time and was one of many boys outside the apartment that
night. On cross-examination, Blanquyz testified that after she heard the windows break, she looked
outside her front window and saw many boys in front of the apartment. Thus, S.P.'s counsel elicited
testimony concerning a large group of boys outside the apartment and was not ineffective for failing
to develop the defense theory of the case.

Disposition

 S.P. also alleges that he received ineffective assistance of counsel at the disposition phase.
The Strickland test also applies to claims of ineffectiveness at the punishment phase. See Hernandez
v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (holding that Strickland applies to punishment
phase and overruling Ex parte Duffy, 607 S.W.2d 507 (Tex. Crim. App. 1980)). S.P. asserts that his
counsel was ineffective by failing to request an updated psychological evaluation and by failing to
call S.P.'s current treating physician as a witness. S.P. argued for probation and placement in his
home. The State, however, advocated placement outside of the home at a psychiatric hospital. S.P.
had a history of psychiatric problems and had been violent towards his mother. The Probation
Officer had a psychiatric evaluation of S.P. that was to expire August 29, and the hearing was held
on July 13. We agree with the State's contention that S.P.'s claim is not presented for review
because he failed to present any authority indicating that his counsel was ineffective for failure to
obtain an updated evaluation and by failing to call the treating physician. Further, the record
contains no evidence concerning counsel's decision not to request a new evaluation or call S.P.'s
treating physician. And, we have no evidence as to any testimony S.P.'s physician would have
provided. Thus, S.P. has failed to show that, but for his counsel's deficient performance, there is a
reasonable probability that the results would have been different.

Motion for new trial

 S.P. contends that his counsel was ineffective for waiving his jury misconduct argument at
the motion for new trial hearing. S.P. filed a motion for new trial alleging jury misconduct supported
by counsel's affidavit. According to the affidavit, two unidentified jurors approached defense
counsel and told him that they noticed that the probation officer had a thick file and surmised that
S.P. had been in trouble before. The jurors told counsel that the thick probation file affected their
decision. As a result of this information, defense counsel sent letters to all of the jurors. Two jurors
responded and told S.P.'s counsel that the probation file was discussed. They also indicated,
however, that the other jurors told the jurors who mentioned the file that it could not be considered
because it was not evidence. The two jurors who responded to S.P.'s attorney's letter indicated that
they did not consider the file in making their decision. At the motion for new trial hearing, defense
counsel argued for a new trial in the interest of justice. Defense counsel stated that he was not
requesting a jury misconduct hearing because he believed his affidavit was not admissible to prove
jury misconduct. A new trial may be granted when the jury has received other evidence during
deliberations or engaged in such misconduct that the defendant did not receive a fair and impartial
trial. Tex. R. App. P. 21.3(f)-(g); see In re M.A.F., 966 S.W.2d 448, 450 (Tex. 1998) (finding
predecessor of Rule 21.3 applicable to juvenile proceedings). An allegation of juror misconduct
must be supported by an affidavit of a juror. See Vera v. State, 868 S.W.2d 433, 435 (Tex. App.-San
Antonio 1994, no pet.). Rule 606(b) of the Rules of Evidence, effective on March 1, 1998, permits
jurors in criminal trials to testify about outside influences that affected the juror's decision or to rebut
a claim of disqualification, whereas former Rule 606(b) of the Rules of Criminal Evidence allowed
jurors to testify as to any matter relevant to the validity of the verdict. See Tex. R. Evid. 606(b);
Tex. R. Crim. Evid. 606(b); Sanders v. State, Nos. 03-98-00481-CR & 03-98-00482-CR, 1999 WL
699767, at *2 (Tex. App.-Austin Sept. 10, 1999, n. pet. h.); Hines v. State, No. 06-98-00283-CR,
1999 WL 669210, at *2 (Tex. App.-Texarkana Aug. 30, 1999, n. pet. h.). The courts of appeals in
Sanders and Hines both note that the new Rule 606(b) significantly narrows the matters that jurors
can testify about in criminal cases. Id. As a result of the new Rule 606(b), jurors in criminal cases
are limited, as they have always been in civil cases, to testifying about outside influences and to rebut
a claim of disqualification.

 At oral argument, both parties correctly asserted that we must look to civil cases to determine
what constitutes an outside influence because, until the new Rules of Evidence took effect on March
1, 1998, juror misconduct allegations in criminal cases were not evaluated based on outside
influence. Thus, we will look to civil cases to determine what constitutes an outside influence. See
Hines, No. 06-98-00283-CR, slip op. at 4 (looking to civil cases to determine outside influence in
a criminal case). Although courts have not clearly identified what constitutes an outside influence,
certain juror conduct has been identified as not constituting an outside influence. See Mitchell v.
Southern Pacific Transp. Co., 955 S.W.2d 300, 322 (Tex. App.-San Antonio 1997, no writ). The
following acts do not constitute an outside influence: (1) information gathered by a juror and
introduced to the jury; (2) coercive influence of one juror over other jurors; and (3) injection of
juror's own personal experiences or knowledge. Id. An outside influence must emanate from
outside the jury and its deliberations, such as a non-juror introducing information to the jury. See
Soliz v. Saenz, 779 S.W.2d 929, 931-32 (Tex. App.-Corpus Christi 1989, writ denied).

 Because no juror affidavit existed, counsel did not have evidence to raise a juror misconduct
issue. Further, the jury's discussion concerning the thickness of the probation file and speculation
that S.P. had been in trouble before did not constitute an outside influence upon which a juror is
permitted to testify. The jurors' discussion of the probation file occurred during deliberations as a
result of some of the jurors' personal opinions and not by way of a non-juror introducing
information. Because no juror affidavit existed and the jurors could not testify concerning the
alleged jury misconduct, we find that counsel was not ineffective for waiving the jury misconduct
hearing. S.P. also contends that counsel was ineffective for failing to call the jurors as witnesses and
secure their affidavits. Because the jurors' discussion of the probation file was not an outside
influence, the jurors would not have been allowed to testify about this matter. Thus, counsel was
not ineffective for failing to call the jurors as witnesses.

 Having reviewed S.P.'s claims of alleged ineffectiveness, we find that S.P. has failed to
prove that his counsel's performance was deficient. Even if counsel's performance was deficient,
S.P. has not shown a reasonable probability that results would have been different but for counsel's
deficient performance. Therefore, we find that S.P. did not receive ineffective assistance of counsel.
We overrule S.P.'s first issue.

 In his third issue, S.P. contends that the court erred by overruling his motion for new trial
based on jury misconduct. Because the motion for new trial failed to include a juror's affidavit
supporting the jury misconduct and the alleged misconduct did not constitute an outside influence
upon which a juror is permitted to testify, the court did not err in denying S.P.'s motion for new trial.
We overrule S.P.'s third issue.

Record

 In his second issue, S.P. argues that the court erred by failing to record all of the proceedings.
S.P. complains about two bench conferences which took place "off the record" during individual voir
dire of the jury panel. S.P. contends that his case should be reversed because the Family Code
requires all juvenile proceedings to be recorded. See Tex. Fam. Code Ann. 54.09 (Vernon 1996).
Section 54.09 provides: "All judicial proceedings under this chapter except detention hearings shall
be recorded by stenographic notes or by electronic, mechanical, or other appropriate means. Upon
request of any party, a detention hearing shall be recorded." Id. Although section 54.09 requires all
judicial proceedings to be recorded, S.P. has failed to demonstrate how the omissions of the bench
conferences prevented him from making his argument on appeal. See In re M.R.R., No. 04-97-00630-CV, slip op. at 11, 1999 WL 266466 (Tex. App.-San Antonio May 5, 1999, no pet.) (finding
that failure to record bench conferences does not require reversal because appellant failed to
demonstrate how omission affected his appeal); S.S. v. State, 879 S.W.2d 395, 397 (Tex.
App.-Eastland 1994, no writ)(reversing for new trial because omissions in record prevented
appellant from making proper presentation of case). Thus, S.P. has failed to demonstrate any harm
from the omission and we overrule S.P.'s second issue.

 We affirm the judgment.


 Karen Angelini, Justice 

PUBLISH