55 S.W.3d 101 (2001)
In the Matter of M.A.W., Appellant.
No. 07-00-0536-CV.
Court of Appeals of Texas, Amarillo.
July 18, 2001.
*102 Paul Mansur, Denver City, for appellant.
Richard Clark, District Attorney, Plains, for State.
Before QUINN, REAVIS and JOHNSON, JJ.
QUINN, Justice.
M.A.W., a juvenile who is referred to as M. herein, appeals from an order modifying his disposition and committing him to the care and custody of the Texas Youth Commission. Through his sole point, he contends that the trial court lacked jurisdiction to so dispose of him. We overrule the point and affirm.

Background
On February 4, 1998, the trial court found that M. engaged in delinquent conduct and placed him on probation for one year. Before that probationary term expired, the State moved to extend the period. The motion was granted and the term was extended until February 4, 2000. Thereafter, the State moved the juvenile court to modify M.'s disposition because he allegedly violated the terms of his probation. That motion resulted in the court entering an order signed March 24, 1999 and placing M. in the custody of a local probation officer for six months and directing "that [the minor's] term of probation be hereby extended for an additional term of six ... months, commencing on the below date," i.e. March 24, 1999. In other words, the March 24th decree effectively reduced M.'s term of probation from February 4, 2000 to August 24, 1999.
Undoubtedly believing that the reduction in the probationary period was a mistake, the State filed, on April 5, 1999, a document entitled "Motion for Judgment Nunc Pro Tunc." Therein, it requested the juvenile court to redact from its March 24th decree the language that shortened the probationary period to August 24, 1999. On that same day, i.e., April 5, 1999, the court also signed an order declaring "that the Judgment Nunc Pro Tunc be entered reforming the [March 24th] instrument as requested" by the State. So, in entering this judgment nunc pro tunc, the trial court once again extended the termination of M.'s probation to February 4, 2000. No one objected to this at the time. Nor did anyone appeal from the March 24th edict.

*103 Point of Error

Simply put, M. contends the juvenile court lacked jurisdiction to alter, via nunc pro tunc or otherwise, its March 24, 1999 order reducing the probationary term to August of 1999. This is allegedly so because 1) the error corrected was not the type susceptible to remediation through a nunc pro tunc order and 2) § 54.05(d) supplanted the trial court's ability to modify its judgments during the period in which it had plenary jurisdiction over the cause and its judgment. We address the latter ground first and, upon addressing it, overrule the point.

Plenary Jurisdiction to Alter Judgment
Except when in conflict with statute and matters concerning the burden of proof, the Texas Rules of Civil Procedure generally apply to proceedings arising under title 3 of the Texas Family Code. Tex. Fam.Code Ann. § 51.17(a) (Vernon Supp. 2001). Furthermore, proceedings to modify the disposition of a juvenile arise under chapter 54, title 3 of the Family Code and, therefore, are generally governed by said rules of civil procedure.
Next, Texas Rule of Civil Procedure Rule 329b(d) states that a "trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." In other words, it vests the court with plenary jurisdiction to change its final orders for a minimum of thirty days after the orders are signed. Lane Bank Equip. Co. v. Smith Southern Equip. Inc., 10 S.W.3d 308, 310 (Tex.2000).
Here, the final order in question was signed on March 24, 1999. So, for 30 days after March 24th, the trial court had plenary jurisdiction to modify it. Next, the order making the change now in dispute was signed on April 5, 1999, a period well within the 30 day span contemplated by Rule 329b(d) and Lane. Given this, the trial court had plenary jurisdiction to make the change.
M. argues otherwise by contending that Rule 329b(d) conflicts with § 54.05(d) of the Family Code and, given the supposed conflict, the Family Code provision controls. We acknowledge that when a rule of procedure conflicts with a statute, the statute prevails unless the rule has been passed subsequent to the statute and repeals the statute in accordance with the Texas Government Code. See Johnstone v. State, 22 S.W.3d 408, 409 (Tex.2000). We further acknowledge that § 54.05(d) of the Family Code suggests that proceedings to modify the disposition of a juvenile must be initiated through a petition.[1] Yet, we find no conflict between it and Rule 329b(d) for several reasons. First, our brethren on sister courts have applied the rule encapsulated in Rule 329b(d) to proceedings arising under title 3 of the Family Code. See Cornealius v. State, 870 S.W.2d 169, 176-77 (Tex.App.-Houston [14th Dist.] 1994), aff'd on other grounds, 900 S.W.2d 731 (Tex.Crim.App.1995) (involving the transfer of jurisdiction to a criminal court pursuant to § 54.02 of the Family Code). Second, nothing in § 54.05(d) expressly addresses Rule 329b(d) or the topic of judgments and the manner in which they can be vacated or changed. Rather, the proviso deals with the initiation of a proceeding to modify *104 and the need for 1) a hearing, 2) reasonable notice of the hearing, and 3) the issuance of findings. It does not purport to expand or restrict the trial court's plenary power vis-a-vis judgments and decrees entered in complete resolution of a proceeding that has already been initiated. Consequently, we find no conflict between § 54.05(d) of the Family Code and Rule 329b(d).
In sum, when the trial court altered the March 24th decree on April 5th, it had plenary jurisdiction to do so. And, our so holding relieves us of having to consider the contention involving the law of nunc pro tunc judgments
The judgment is affirmed.
NOTES
[1] The pertinent part of the statute reads: a hearing to modify disposition shall be held on the petition of the child and his parent, guardian, guardian ad litem, or attorney, or on the petition of the state, a probation officer, or the court itself ... Tex. Fam.Code Ann. § 54.05(d) (Vernon Supp. 2001).