Affirmed and Memorandum Opinion filed June 14, 2005









Affirmed and Memorandum Opinion filed June 14, 2005.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00806-CV

____________

 

IN THE MATTER OF
J.A.C.

 



 

On Appeal from the 313th
District Court

Harris County, Texas

Trial Court Cause No. 01-09460J

 



 

M E M O R A N D U M   O P I N I O N

Appellant, J.A.C., a juvenile, was found
to have engaged in delinquent conduct by committing the offense of  possession of marijuana.  In three issues, appellant claims the trial
court erred in failing to ensure the court reporter recorded a bench conference
regarding an objection to evidence of a prior conviction and in its rulings
admitting that evidence and excluding evidence of the results of a drug test
taken the day after appellant was arrested. 
We affirm.

                          Factual and Procedural Background








On December 4,
2001, when appellant was sixteen years old, Officer Parker, an undercover
narcotics officer with the Houston Police Department, observed appellant and a
young woman walking down the street at around 1:30 p.m.  They were in an area known for drug problems,
and Officer Parker saw appellant holding a cigar and putting it to his mouth as
if smoking it.  Officer Parker got closer
to appellant and smelled marijuana, so he notified nearby uniformed officers and
then left to maintain his cover.  The uniformed
officers saw the cigar in appellant’s hand, and when appellant saw the
uniformed officers, he threw the still-burning cigar onto the ground.  The officers smelled burning marijuana and
recovered the cigar.  Subsequent testing
confirmed the cigar contained marijuana.

Appellant testified at trial and denied
that he either smoked or possessed the marijuana cigar.  He claims that the marijuana belonged to
Monique, the young woman with whom he was walking.  The jury found that appellant had engaged in delinquent
conduct by possessing marijuana, and the trial court ordered appellant
committed to the custody of the Texas Youth Commission.  On appeal, appellant challenges two of the
trial court’s evidentiary rulings.

                                                      Analysis

                                               Standard
of Review

We review a trial court’s decision to
admit or exclude evidence under an abuse of discretion standard.  E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995); Long v. State, 130 S.W.3d
419, 426 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  A trial court abuses its discretion if it
acts without reference to any guiding rules or principles.  Robinson, 923 S.W.2d at 558.  We must uphold the trial court’s decision as
long as it is within the zone of reasonable disagreement.  Wheeler v. State, 67 S.W.3d 879, 888
(Tex. Crim. App. 2002). A trial court’s ruling in admitting or excluding
evidence must be sustained if reasonably supported by the record and correct on
any theory of law applicable to the case. 
Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

                                       Evidence
of a Prior Conviction

The
following exchange occurred when the State was cross-examining appellant:

Q       [By
the prosecutor]  And that marijuana
cigarette, that was actually marijuana, wasn’t it?








A       I’m
not a chemist, I don’t know.

. . . . 

Q       [By
the prosecutor]  Do you have any reason
to know what marijuana smells like?

A       Yes,
sir.

Q       Why
is that?

[Defense counsel]:  Objection, relevance.

THE COURT:  Overruled.

Q       [By
the prosecutor]  I will repeat the
question.

THE COURT:  The answer [sic] was:  You do know what marijuana smells like?

[Appellant]:  Yes, sir.

Q       [By
the prosecutor]  Why do you know what
marijuana smells like?

A       I
live in a high-crime area, as well as, an area that has a lot of drugs in it,
and I have been around it before.

Q       [By
the prosecutor]  And your story is that
Monique had the marijuana, right?

A       Yes,
sir.

Q       So
it was marijuana, right?

A       To
my knowledge.  That’s what this case is.

Q       Did
it smell the same?

A       At
first it smelled –– it smelled –– I mean, I don’t smoke, so I don’t know what a
cigar is supposed to smell like.  But the
–– it smells funny, I guess you could say that.

Q       You
said you did not smoke?

A       Yes,
sir.

Q       Isn’t
it true that you have a conviction –– 

[Defense counsel]:  Objection, Your Honor.  Objection, Your Honor.  May we approach?

THE COURT:  Uh-huh.

                                         (At
the bench, off the record)

                                               (Back
on the record)

THE COURT:  I overruled your
objection.








Q       [By
the prosecutor]  Can you answer the
question?

A       Sir,
can you repeat the question?

Q       Sure.  You have a conviction for marijuana, correct?

A       Yes,
sir.








In his second issue, appellant claims that
admission of his prior marijuana conviction was error.  However, the court reporter did not record
the bench conference where appellant explained his objection, and a general
objection is usually insufficient to preserve error.[1]  See Rogers v. State, 756 S.W.2d 332,
342 (Tex. App.—Houston [14th Dist.] 1988, pet. ref’d).  In his first issue, appellant argues his
challenge to admission of the prior conviction should not be waived because he
was unaware that the bench conference was not recorded and the trial court
failed in its duty to ensure the proceedings were being recorded.  See Tex.
Fam. Code Ann. § 54.09 (Vernon 2002) (“All judicial proceedings under
this chapter [of the Juvenile Justice Code] except detention hearings shall be
recorded by stenographic notes or by electronic, mechanical, or other
appropriate means.”); Tex. R. App. P. 13.1(a)
(stating that an official court reporter must, “unless excused by agreement of
the parties, attend court sessions and make a full record of the proceedings”);
Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985) (discussing statutory
requirement that a record be made in all suits affecting the parent-child
relationship and stating that “[i]t is the responsibility of the trial judge to
see that the court reporter performs this duty”).  The State responds that a court reporter has
a duty to record only upon request and that any error from the court reporter
not recording the bench conference was waived because appellant failed to
object.  See Tex. Gov’t Code Ann.
§ 52.046(a)(2) (Vernon 2005) (stating that “[o]n request,” an official
court reporter shall  “take full
shorthand notes of oral testimony offered before the court, including
objections made to the admissibility of evidence, court rulings and remarks on
the objections, and exceptions to the rulings”); Valle v. State, 109
S.W.3d 500, 508–09 (Tex. Crim. App. 2003) (holding that objection is required
to preserve error regarding court reporter’s failure to record bench
conference).  However, we determine that
even if appellant’s objection had been properly preserved, it is without merit;
accordingly, error, if any, in the trial court’s failure to have the court
reporter record the discussion at the bench was harmless.[2]

The State claims that appellant’s prior
conviction was admissible to correct a false impression appellant left with the
jury regarding his knowledge of marijuana. 
Generally, when a witness is cross-examined on a collateral matter, the
cross-examining party may not contradict the witness’s answer.  Shipman v. State, 604 S.W.2d 182, 183
(Tex. Crim. App. 1980).  However, if a
witness has voluntarily testified about an issue and in doing so creates a
false impression, the cross-examining party can introduce evidence regarding an
otherwise inadmissible extraneous offense to correct the false impression.  Martinez v. State, 728 S.W.2d 360,
361–62 (Tex. Crim. App. 1987); Shipman, 604 S.W.2d at 184–85.  As explained by the First Court of Appeals in
Roberts v. State, 29 S.W.3d 596 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d), 

As a general rule, the defensive
theory that the State wishes to rebut through the use of extraneous offense
evidence must be elicited on direct examination by the defense and may not by
elicited by “prompting or maneuvering” by the State.  However, as an exception to this general
rule, when a defendant voluntarily or nonresponsively testifies concerning extraneousmatters
on cross‑examination, the State may correct any false impression
presented by such answer.

Id. at 601 (citations omitted).








The trial court could have reasonably
concluded that appellant voluntarily created a false impression regarding his
experience with marijuana.  Appellant
implied that he had only limited knowledge of marijuana and its smell from
being around it in a bad neighborhood when in fact he had not just been around
it but had been convicted of possessing it.[3]  Appellant volunteered the information that
created the false impression without any “deliberate subterfuge” by the State
designed to elicit that information.  Martinez,
728 S.W.2d at 362.  Thus, the trial court
did not abuse its discretion in admitting appellant’s prior marijuana
conviction to correct this false impression. 
We overrule appellant’s second issue.

                                               Drug
Test Evidence

The day after appellant was arrested, he
went to his regularly-scheduled visit with his probation officer, who
administered a routine drug test.  The
test result was negative.  However, the
probation officer failed to test the sample for adulterants that could produce
a false negative because she was out of the necessary supplies.  She told appellant to go to an official lab
the next day for retesting to verify the negative result, but, for reasons not
specified in the record, appellant did not obtain the follow-up test.

Appellant sought to admit the drug test
result and have an expert testify about the accuracy of the test and the
meaning of the results.  Appellant
contends the negative drug test result is relevant and highly probative
because, contrary to the testimony of the undercover officer, it would show
appellant did not smoke marijuana and therefore likely did not possess it
either.  The trial court held a hearing
outside the presence of the jury and then excluded all evidence regarding the
drug test results on the bases of reliability and jury confusion.  In his third issue, appellant challenges this
ruling. 








For scientific evidence to be admissible,
the proponent must establish that the evidence is both relevant and reliable.  Robinson, 923 S.W.2d at 556–57; Kelly
v. State, 824 S.W.2d 568, 573 (Tex. Crim. App. 1992).  The trial court is the gatekeeper and is to
admit evidence only if it is sufficiently reliable and relevant to assist the
jury.  Owens v. State, 135 S.W.3d
302, 306–07 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  Unreliable evidence is of no assistance to
the trier of fact.  Robinson, 923
S.W.2d at 557.  

Appellant’s expert testified that the type
of urinalysis the probation officer conducted was, as a general matter,
accurate and reliable.  However, he also
testified that there are many possible ways to adulterate a urine sample and
that without testing for such adulterants, “we would not know if it was a true
test or not” and the test would not provide a “complete analysis.”  A reliability analysis concerns not just the
soundness of the test but also the proper application of the test.  See Kelly, 824 S.W.2d at 573; Porath
v. State, 148 S.W.3d 402, 416 (Tex. App.—Houston [14th Dist.] 2004, no
pet.).  Errors in conducting an otherwise
valid test can render the result unreliable. 
See McRae v. State, 152 S.W.3d 739, 743–44 (Tex. App.—Houston
[1st Dist.] 2004, pet. filed) (holding that the trial court abused its
discretion in admitting the results of a field sobriety test based on officer’s
admitted significant errors in administering the test).  Based on the evidence from appellant’s own
expert, the trial court determined the test result was unreliable and refused
to admit appellant’s proposed evidence. 
The evidence in the record supports this conclusion, and we cannot say
the trial court abused its discretion in excluding the evidence on this basis.

The trial court also found that the
evidence had low probative value and was outweighed by the risk of jury
confusion under Texas Rule of Evidence 403. 
The undercover officer testified that he saw appellant take
approximately two puffs from the marijuana cigar.  Appellant’s expert testified that if
appellant had only smoked such a small amount of marijuana, there was only a
fifteen percent chance that he would have tested positive for marijuana on a
urinalysis test.  Thus, the trial court
concluded, the test result had little probative value to rebut the possession
charge.  Further, because only the
undercover officer testified that he saw appellant smoking the marijuana but
all three officers said they saw appellant holding the marijuana cigar, the
test results, at most, could have impeached one officer’s credibility and thus
had little probative value for impeachment. 
Because the evidence supports the trial court’s findings, the trial
court did not abuse its discretion in excluding the drug test evidence under
Rule 403.








We overrule appellant’s third issue.

Having disposed of each of appellant’s
issues, we affirm the trial court’s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 14, 2005.

Panel
consists of Justices Yates, Anderson, and Draughn.*

 

 

 

*  Senior Justice Joe L. Draughn sitting by
assignment.











[1]  A general
objection can preserve error if the basis of the objection is apparent from the
context.  See Tex. R. Evid. 103(a)(1).  Because neither party has briefed this
argument, we do not express an opinion on whether the objection was sufficient
to preserve error on this basis.





[2]   The civil
standard for harmless error applies to juvenile delinquency adjudications.  In re G.M.P., 909 S.W.2d 198, 210
(Tex. App.—Houston [14th Dist.] 1995, no writ); see also In re S.P., 9
S.W.3d 304, 309 (Tex. App.—San Antonio 1999, no pet.) (rejecting argument
regarding court reporter’s failure to record bench conference in juvenile
proceeding because appellant did not demonstrate any harm).





[3]  Appellant
asserted at oral argument that evidence regarding prior offenses is admissible
only to correct a false impression regarding a witness’s criminal background or
trouble with the law and not any other type of mis-impression.  Appellant cites no authority that the
false-impression doctrine is so limited, and, in any event, by portraying
himself as inexperienced with marijuana, appellant did create a false
impression regarding his criminal background.