NUMBER 13-06-176-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN THE MATTER OF J.P., A JUVENILE


 


On appeal from the 156th District Court of Live Oak County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Garza
 

 After a jury trial in which appellant was found to have committed three separate acts
of indecency with a child, the trial court found appellant to be a child engaged in delinquent
conduct and placed appellant in the custody of the Texas Youth Commission with a
possible transfer to the Institutional Division of the Texas Department of Criminal Justice
for a period of eight years. See Tex. Penal Code Ann. § 21.11(a) (Vernon 2003). 
Appellant now raises four issues on appeal. See Tex. Fam. Code Ann. § 56.01 (Vernon
2002). We affirm. 

I. Brady Violation 

In his first issue, appellant argues that he is entitled to a new trial because the State
committed misconduct in failing to disclose favorable evidence prior to trial. Specifically,
appellant complains that the State withheld evidence of special prosecutor David
Lagenfield's interviews with nine child witnesses. According to appellant, the State should
have disclosed the interviews because they established that none of the children saw
appellant with an erect penis at the time he committed the acts for which he was later
prosecuted. Appellant argues that the evidence is favorable because, without an erect
penis, he could not have been acting with the intent to arouse or gratify his sexual desire,
as alleged in the State's petition. (1) 

At trial, three of the nine child witnesses interviewed by Lagenfield testified that
appellant had an erection when he committed the offenses. All three witnesses were
subsequently impeached by defense counsel on cross-examination. The witnesses were
confronted with the written statements they gave to police at the time the offenses were
first reported. The statements did not include any information about whether appellant had
an erection. The testimony at trial indicates that this was partly because, at the time of the
initial investigation, the police simply did not ask the children if appellant had an erection
and none of the children volunteered any information about seeing an erection. On appeal,
appellant contends that, had his trial counsel known about Lagenfield's interviews,
Lagenfield would have been called as a defense witness to impeach the child witnesses
with their initial statements. According to appellant, the introduction of such evidence
would have led to an acquittal. 

Appellant's first issue presents a claim commonly known as a Brady violation. In
Brady v. Maryland, the United States Supreme Court concluded that the prosecution's
suppression of evidence favorable to a defendant violates due process if the evidence is
material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963); Harm v. State,
183 S.W.3d 403, 406 (Tex. Crim. App. 2006). To establish a Brady violation, appellant
must demonstrate the existence of the following three elements by a preponderance of the
evidence: (1) the State suppressed evidence; (2) the suppressed evidence is favorable
to the defendant; and (3) the suppressed evidence is material. Harm, 183 S.W.3d at 406;
Little v. State, 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). Favorable evidence is
evidence that, if disclosed and used effectively, may make a difference between conviction
and acquittal. Harm, 183 S.W.3d at 407. It includes both exculpatory and impeachment
evidence. Id. Exculpatory evidence may justify, excuse, or clear the defendant from fault,
whereas impeachment evidence disputes or contradicts other evidence. Id. Incorporated
into the materiality prong of the Brady test is a requirement that the defendant must be
prejudiced by the State's failure to disclose the favorable evidence. Id. at 406. That is, the
defendant must demonstrate a reasonable probability that, had the evidence been
disclosed, the outcome of the trial would have been different. Hampton v. State, 86
S.W.3d 603, 612 (Tex. Crim. App. 2002).

This case turns on the third prong of the Brady test. Appellant argues that the
evidence withheld by the State was material because it could have been used to impeach
the child witnesses who testified that they saw appellant with an erection. Appellant also
claims that the same evidence would have exonerated him and that it therefore satisfies
the third prong of the Brady test. We disagree. 

Although Lagenfield's testimony might have aided appellant as impeachment
evidence, it was not material in the constitutional sense that would satisfy the third prong
of the Brady test. This is primarily because defense counsel impeached the child
witnesses on the erection issue at trial. Counsel impeached the children using the written
statements they made to the police, which, like the interview statements to Lagenfield, did
not include any indication that appellant was seen with an erection. Although testimony
from Lagenfield might have aided in the impeachments, the mere possibility that an item
of undisclosed information might have helped the defense, or might have affected the
outcome of the trial, does not establish "materiality" in the constitutional sense. See id. 

Appellant has failed to demonstrate a reasonable probability that the outcome of the
trial would have been different. See id. His first issue is therefore overruled. 

II. Statements in the Trial Court's Order Denying Appellant's Motion for New Trial 

In his second issue, appellant argues that the trial court violated Texas Rule of
Appellate Procedure 21.8(b), which states, "In ruling on a motion for new trial, the court
must not summarize, discuss, or comment on evidence." Tex. R. App. P. 21.8(b). 

Rule 21 governs "New Trials in Criminal Cases." The State contends that rule
21.8(b) does not apply to juvenile cases because juvenile cases are civil in nature and are
therefore governed by the rules of civil procedure. See J.R.W. v. State, 879 S.W.2d 254,
256 (Tex. App.--Dallas 1994, no writ). Although we agree that juvenile cases are properly
classified as civil proceedings, they are nonetheless quasi-criminal in nature. In re M.A.F.,
966 S.W.2d 448, 450 (Tex. 1998). Thus, while the rules of civil procedure govern juvenile
proceedings as far as practical, rule 21 has been applied to motions for new trial in juvenile
cases. See In re M.A.W., 55 S.W.3d 101, 103 (Tex. App.--Amarillo 2001, no pet.); In re
S.P., 9 S.W.3d 304, 307 (Tex. App.--San Antonio 1999, no pet.); In re R.V., 8 S.W.3d 692
(Tex. App.--Fort Worth 1999, pet. denied); J.R.W., 879 S.W.2d at 256. The State's brief
concedes that if rule 21 applies to juvenile cases, the trial court erred in commenting on
the evidence in its order denying appellant's motion for new trial. For his part, appellant
concedes that the trial court's error is not reversible, but he asks this Court to grant relief
on the error by disregarding the objectionable statements in our review of whether the trial
court improperly denied his motion for new trial. Because we are precluded from
considering such statements in reviewing the denial of a motion for new trial, there is no
need to grant relief to appellant on his second issue. See George v. State, 20 S.W.3d 130,
141 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). It is therefore overruled. 

III. Denial of Appellant's Motion for New Trial 

In his third issue, appellant argues that the trial court abused its discretion in
overruling his motion for new trial based on newly discovered evidence. A party who
moves for a new trial based on newly discovered evidence must satisfy a four-part test: 
(1) the newly discovered evidence was unknown or unavailable to the movant at the time
of trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of
diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative,
collateral, or impeaching; and (4) the new evidence is probably true and will probably bring
about a different result in another trial. Keeter v. State, 74 S.W.3d 31, 36-37 (Tex. Crim.
App. 2002); Henderson v. State, 82 S.W.3d 750, 755 (Tex. App.--Corpus Christi 2002,
pet. ref'd). Failure to establish any of the essential requirements warrants a refusal to grant
a new trial. Markham v. State, 644 S.W.2d 53, 55 (Tex. App.--San Antonio 1982, no pet.).

Although appellant's third issue has been separately briefed, it involves many of the
same arguments we have already addressed in overruling his first issue. Essentially,
appellant contends that the trial court should have granted him a new trial based on
previously undisclosed evidence tending to prove that he was not seen with an erection at
the time of the offenses. We disagree. 

The undisclosed evidence was favorable in that it tended to impeach three of the
nine children who testified against appellant. Even without the undisclosed evidence,
however, the defense impeached the three witnesses using similar out-of-court statements
made to police investigators. Given that the jury rejected the significance of the
impeachment during appellant's trial, there is no basis for concluding that a second jury
would probably reach a different result in considering additional evidence with the same
impeachment value. We therefore have no basis for concluding that the undisclosed
evidence will probably bring about a different result in another trial. Keeter, 74 S.W.3d at
36-37. On this record, we cannot conclude that the trial court abused its discretion. See
Haygood v. State, 127 S.W.3d 805, 813 (Tex. App.--San Antonio 2003, pet. ref'd)
("[M]otions for new trial based on newly discovered evidence are not favored by the courts
and are viewed with great caution."). Appellant's third issue is overruled.

 IV. Factual Sufficiency of the Evidence 

In his fourth issue, appellant argues that the evidence is factually insufficient to
support the trial court's finding that appellant engaged in delinquent conduct by committing
the three offenses of indecency with a child. In juvenile cases, we apply the standards
used in criminal cases to determine the legal and factual sufficiency of the evidence. In
re A.B., 133 S.W.3d 869, 871 (Tex. App.--Dallas 2004, no pet.) (legal sufficiency); In re
Z.L.B., 115 S.W.3d 188, 190 (Tex. App.--Dallas 2003, no pet.) (factual sufficiency). In a
factual sufficiency review, we determine whether a neutral review of all the evidence
demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
jury's determination or, although adequate if taken alone, is greatly outweighed by contrary
proof. In re J.W., 198 S.W.3d 327, 330 (Tex. App.--Dallas 2006, pet. denied). 

The only element of the offenses contested in this issue concern whether appellant
acted with the intent to arouse or gratify his sexual desire. See Tex. Penal Code Ann. §
21.11(a). Appellant maintains that the evidence is factually insufficient because there is
conflicting evidence as to whether he had an erection. We disagree that the evidence is
factually insufficient. Intent is a question of fact and may be inferred from the acts, words,
and conduct of the accused. Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App.
1999). The requisite specific intent to arouse or gratify the sexual desire of any person can
be inferred from the defendant's conduct, his remarks and all surrounding circumstances. 
McKenzie v. State, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981) (citing Bowles v. State,
550 S.W.2d 84, 85-86 (Tex. Crim. App. 1977); Turner v. State, 600 S.W.2d 927, 929 (Tex.
Crim. App. 1980)). No oral expression of intent is necessary, nor is visible evidence of
sexual arousal required. Id.; Wallace v. State, 52 S.W.3d 231, 235 (Tex. App.--El Paso
2001, no pet.). 

There is no dispute that appellant committed the acts detailed in footnote 1 of this
opinion. Given the overwhelming evidence establishing these acts and considering the
evidence, albeit contested, that appellant also made threats to "rape" the complainants and
perform oral sex on them, there is ample evidence for the jury to have rationally concluded
that appellant acted with the intent to arouse or gratify his sexual desire. See Tex. Penal
Code Ann. § 21.11(a); McKenzie, 617 S.W.2d at 216; Wallace, 52 S.W.3d at 235. The
proof of guilt is not so obviously weak as to undermine confidence in the jury's
determination. In re J.W., 198 S.W.3d at 330. Nor is the proof of guilt greatly outweighed
by contrary proof. Id. Appellant's fourth issue is overruled. 

V. Conclusion

 The judgment of the trial court is affirmed.


 

 DORI CONTRERAS GARZA,

 Justice


Memorandum opinion delivered and 

filed this the 22nd day of February, 2007.

1. The State's petition alleged that appellant committed indecency with a child on three different occasions
involving three different victims. The petition made the following allegations: (1) appellant grabbed the
genitals of one boy while in the locker room at school; (2) appellant took his penis in his hand and rubbed it
on the head and shoulders of another victim; and (3) appellant grabbed the genitals of a third boy. After
hearing evidence and arguments presented by counsel, a jury found each of the foregoing allegations to be
true.