Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-09-00746-CR

Paco M. **SALAZAR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 225120
Honorable Sarah Garrahan-Moulder, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:       Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

AFFIRMED

Paco M. Salazar appeals his conviction for misdemeanor driving while intoxicated. The case was tried before a jury, and the trial court sentenced Salazar to six months incarceration, suspended for six months. Salazar presents three issues on appeal: (1) the trial court abused its discretion in denying Salazar's motion for new trial based on juror misconduct; (2) the trial court erred in allowing a police officer to testify as an expert witness; and (3) the State made improper closing jury arguments. We find no error and affirm the trial court's judgment.

## Factual and Procedural Background

Before the trial on the merits, the trial court conducted a hearing on Salazar's motion to suppress. At the hearing, the only witness was the arresting officer, Officer Joe Rios. Officer Rios, who had been a police officer for eight years, testified about his training at the police academy, which included a DWI course. He also testified he is certified to perform standardized field sobriety tests.

On the evening in question, Officer Rios observed Salazar make a turn through a red light. Officer Rios stopped Salazar and, as they conversed, smelled a strong odor of intoxicants. Additionally, Officer Rios noticed Salazar had bloodshot eyes, slurred speech, and was unsteady on his feet. Thus, Officer Rios conducted field sobriety tests on Salazar, beginning with the horizontal gaze nystagmus ("HGN"). Officer Rios observed six clues; four clues denote intoxication. Salazar exhibited three clues for intoxication on the one-leg stand test; two clues indicate intoxication. And, on the walk-and-turn test, Officer Rios observed six clues; two clues denote intoxication. Based on the traffic infraction, the smell of intoxicants on Salazar's breath, the bloodshot eyes, slurred speech, and his physical capabilities while performing the tests, Officer Rios determined Salazar was driving while intoxicated. Officer Rios placed Salazar under arrest and took him downtown where Salazar refused the breathalyzer. Officer Rios videotaped Salazar after they arrived at the station.

On cross-examination, Officer Rios was asked about administering the HGN test. He testified that in determining whether someone is suitable for the HGN, he checks the person's eyes for equal tracking and equal pupil size. When asked if there are other things that can affect the HGN, Officer Rios said, "I am not an eye doctor so I don't know exactly everything that—." When asked whether he was an expert in HGN, Officer Rios stated, "No, sir. I would not claim

to be an expert. I have just practiced it for the last six and a half years. I use my best judgment." During cross-examination on the subject of whether Salazar was swaying, Officer Rios was asked whether being bowlegged might affect somebody's balance, to which Officer Rios responded, "I am not a doctor, sir." Defense counsel then asked whether Officer Rios claimed to be an expert in any of the field sobriety tests, to which Officer Rios responded, "I wouldn't claim to be an expert in anything, sir." At the conclusion of the hearing, the trial court denied Salazar's motion to suppress, and the case went to trial before a jury.

During the jury trial, Officer Rios again testified regarding his stop and arrest of Salazar. Officer Rios's testimony was similar to his testimony at the pre-trial hearing. However, he explained in greater detail the DWI training he received at the police academy. He also testified that in his eight years as a police officer, he had arrested 250 to 350 people for DWI. Officer Rios testified, as he had at the pre-trial hearing, regarding the field sobriety tests he administered to Salazar. And, he concluded that Salazar had lost the use of his mental and/or physical faculties due to the introduction of alcohol.

On cross-examination, Officer Rios again stated, in response to questioning about the HGN test, that he is not an eye doctor. He also again stated he is not an expert. After the State rested, the defense presented testimony from two fact witnesses—Salazar's passenger and the owner of the vehicle driven by Salazar. Following deliberations, the jury found Salazar guilty. Salazar then filed a motion for new trial which was heard and denied by the trial court.

## DISCUSSION

### 1. Jury Misconduct

In his first issue on appeal, Salazar argues that the trial court erred in denying his motion for new trial based on jury misconduct. Specifically, Salazar points to his attorney's

conversations with some of the jurors who reported to him that (1) they believed Salazar, who had no prior DWI convictions, had previously been convicted of DWI because he stated on the videotape that was shown to the jury that he "took responsibility before;"[1] and (2) they considered, as evidence, the prosecutor's demonstration in closing argument of what a drunken "swagger" looks like.

A motion for new trial is the proper vehicle for preserving alleged jury misconduct for appeal. *Trout v. State*, 702 S.W.2d 618, 620 (Tex. Crim. App. 1985). A motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or other person who is in a position to know the facts. *Id.*; *Vera v. State*, 868 S.W.2d 433, 435 (Tex. App.—San Antonio 1994, no pet.). At the motion for new trial hearing, the trial judge is the trier of fact, and the trial judge's findings will not be disturbed absent a showing of abuse of discretion. *Tollett v. State*, 799 S.W.2d 256, 259 (Tex. Crim. App. 1990). A new trial must be granted if, after retiring to deliberate, the jury has received other evidence. TEX. R. APP. P. 21.3(f). A juror may not, however, testify about matters occurring during juror deliberations, or to the effect of anything on any juror's mind, emotions, or mental processes. TEX. R. EVID. 606(b). A juror may only testify regarding outside influence improperly brought to bear upon a juror, or to rebut a claim the juror was not qualified to serve. *Id*. Outside influence must emanate from outside the jury and its deliberations, such as a non-juror introducing information to the jury. *In the Matter of S.P.*, 9 S.W.3d 304, 309 (Tex. App.—San Antonio 1999, no pet.).

The trial court did not err in overruling Salazar's motion for new trial based on juror misconduct. First, Salazar did not attach the required affidavits from the jurors he claims had information regarding the alleged misconduct. *See Trout*, 702 S.W.2d at 620.

---

[1] Salazar does not complain on appeal about the admissibility of the statement because he did not preserve error by objecting at the trial court.

Second, Salazar makes no allegation of outside influence that was improperly brought to bear upon the jurors. Instead, Salazar appears to complain that the jurors reached erroneous conclusions from the evidence. In a similar case, *S.P.*, this court, in finding counsel was not ineffective for failing to raise a juror misconduct issue, stated there was no jury misconduct when the jury discussed the thickness of the probation file and speculated that the accused juvenile had been in trouble before. 9 S.W.3d at 309. Likewise, this court refused to find jury misconduct when one juror incorrectly informed the other jurors that the court papers that were in evidence reflected that the accused had served jail time for his first two DWI offenses when, in fact, they did not. *Marshall v. State*, No. 04-01-00376-CR, 2002 WL 31015260, at *1 (Tex. App.—San Antonio Sept. 11, 2002, pet. ref'd) (mem. op., not designated for publication). Rather than outside influence, we described this situation as one in which "a juror misinterpreted documents in evidence." *Id*. In another similar case, the Corpus Christi Court of Appeals found no jury misconduct when, during deliberations, the jurors discussed the fact that the accused used his left hand to pick up a cup, which was consistent with the testimony of some other witnesses. *Garza v. State*, 82 S.W.3d 791, 794 (Tex. App.—Corpus Christi 2002, no pet.).

Thus, because of the lack of juror affidavits and Salazar's failure to allege juror misconduct based on outside influence, we hold the trial court did not err in overruling Salazar's motion for new trial based on juror misconduct. We overrule Salazar's first issue on appeal.

## 2. Admissibility of Officer's Testimony Regarding Field Sobriety Tests

In his second issue, Salazar contends the trial court erred in allowing Officer Rios to testify as an expert witness because Officer Rios repeatedly stated he was not an expert. Salazar specifically points to Officer Rios's responses to cross-examination questions wherein he stated he was not a doctor, he was not an eye doctor, he did not claim to be an expert in HGN, and he

would not claim to be an expert in anything. Salazar further focuses on the fact that Officer Rios's experience was based on his limited DWI training at the police academy eight years previously and his on-the-job duties.

Whether a witness giving expert testimony possesses the required qualifications rests largely in the trial court's discretion. *Wyatt v. State*, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). The trial court's decision to admit or exclude testimony will not be disturbed absent a clear abuse of discretion. *Id*. Rule 702 of the Texas Rules of Evidence provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

TEX. R. EVID. 702.

"For testimony concerning a defendant's performance on the HGN test to be admissible, it must be shown that the witness testifying is qualified as an expert on the HGN test, specifically concerning its administration and technique." *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994). A law enforcement officer may satisfy this requirement by proof that the officer has received practitioner certification by the State of Texas to administer the HGN. *Id*. The certification, however, is not the exclusive means by which an officer may qualify as an expert. *Kerr v. State*, 921 S.W.2d 498, 502 (Tex. App.—Fort Worth 1996, no pet.). If the witness's expert testimony is to be admissible under rule 702, the witness must qualify as an expert by "knowledge, skill, experience, training, or education." TEX. R. EVID. 702. "If it is shown that the officer has extensive training in administering the HGN test, has been certified through a training course specifically including the administration of the HGN test, and has extensive experience in administering the HGN test, the trial court does not abuse its discretion

in allowing the officer to testify as an expert on the administration and technique of the test." *Ellis v. State*, 86 S.W.3d 759, 761 (Tex. App.—Waco 2002, pet. ref'd).

Unlike the HGN field sobriety test, police officers may testify as lay witnesses about their observations of a defendant's performance on the one-leg stand test and the walk-and-turn test. *McRae v. State*, 152 S.W.3d 739, 745 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd). Because an officer's testimony describing a defendant's coordination, balance, and mental agility during these tests are observations based on common knowledge, the officer's testimony constitutes lay witness opinion testimony, which is governed by Texas Rules of Evidence 701. *McIntosh v. State*, No. 03-07-00338-CR, 2010 WL 391853, at *2 (Tex. App.—Austin Feb. 4, 2010, no pet.) (mem. op., not designated for publication).

The trial court did not err in admitting Officer Rios's testimony regarding the field sobriety tests he performed on Salazar. With regard to the one-leg stand test and the walk-and-turn test, Officer Rios's testimony was admissible as lay testimony pursuant to Rule of Evidence 701. Thus, he was not required to be qualified as an expert witness. With regard to the HGN test, Officer Rios was qualified by his extensive education and certification at the police academy as well as by his years of administration of the HGN test, which included 250 to 350 DWI arrests. Officer Rios's statements to the effect that he was not an eye doctor or a doctor are not significant because a witness need not be either in order to testify regarding the HGN test. And, regardless of whether Officer Rios was willing to label himself as an expert, which, in fact, is a legal determination to be made by the trial judge, his testimony nevertheless demonstrated sufficient experience and expert qualifications from which the trial court could conclude he was qualified to testify regarding the HGN test. Further, he never indicated he lacked the qualifications to testify regarding administering the HGN test. Under these circumstances, we

cannot say the trial court abused its discretion in allowing Officer Rios to testify as an expert on the HGN test. We, therefore, overrule Salazar's second issue on appeal.

### 3. Improper Jury Argument

In his third issue, Salazar urges reversal based on the State's improper closing argument to the jury. Specifically, Salazar complains that the following argument improperly bolstered Officer Rios's credibility:

> Officer Rios is a good officer. He is an honest officer. He has too much at stake in his career to go lie to convict one person of DWI. He was doing his job, and he did his job well that night.

> [] Well, if you think Officer Rios was lying up there, if you don't think his testimony was credible, then you should acquit this defendant. But I will submit to you [] that he came off to me as very credible. And you are the judges of the credibility. So that is up to you. I will leave that to your judgment.

In response, the State points out that Salazar failed to object to the argument and, therefore, this complaint is not preserved for appeal. The State also argues that even if this complaint was preserved, there was no error.

We agree that Salazar did not preserve error for appeal because he failed to object at trial to the State's argument. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (concluding complaint about improper jury argument was preserved when the defendant objected and pursued his objection to an adverse ruling). We also agree, however, that even if Salazar had objected, there was no error because the State's argument was in response to Salazar's closing argument which attacked Officer Rios's credibility. Proper jury argument falls into four areas: (1) summation of the evidence presented at trial; (2) reasonable deduction drawn from that evidence; (3) answer to the opposing counsel's argument; or (4) a plea for law enforcement. *Jackson v. State*, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000). Here,

the State's argument answered Salazar's closing argument, and thus, was proper jury argument. We, therefore, overrule Salazar's third issue.

We affirm the trial court's judgment.

Karen Angelini, Justice

DO NOT PUBLISH